ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA (RESPONDENT) vs. FREDERICK GORHAM (MOVANT) | Case No: CV 400-276 CV 400-282 |

## PURSUANT TO FED. RULES CIV. PROC. RULE 15
## MOTION FOR LEAVE TO SUPPLEMENT MOTION
## UNDER 28 U.S.C. 2255

**NOW COMES**, the Movant, **Frederick Gorham**, appearing Pro-Se who respectfully moves this Honorable Court to allow the Movant Leave to Supplement his Motion 2255 previously submitted by adding the additional Ground for the following reasons:

1. **Ineffective Assistance of Counsel.**

   a) Counsel's failure to object to the trial Court's erroneous jury instructions as to **aiding and abetting 18 U.S.C. 2** and **distribution 21 U.S.C. 841(a)(1)** and his failure to request an instruction clarifying that in order to convict the movant, someone else other than a Government agent or an aider and abetter had to commit the substantive offense, rendered Trial Counsel's Assistance Constitutionally Ineffective. U.S. Const. Amend. 6

## SUPPLEMENTAL ARGUMENT FOR GROUND #8

\*
\*
\*
\*

## SUPPORTING FACTS

On or about September 10, 1997, the Movant along with four (4) other individuals, Keith Coleman, Damion Welcome, Keith London, and Eugene Johnson were indicted on a nine (9) count indictment, charging them with conspiracy to aid and abet the distribution of cocaine in violation of 21 U.S.C. 841(a)(1),

21 U.S.C. 846 and 18 U.S.C. 2, as well as attempt to aid and abet the distribution of cocaine in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2. The Movant, **Frederick Gorham,** along with Keith Coleman, **Keith London** and Eugene Johnson entered a plea of **not guilty.** The defendants were tried together by jury. The jury was retired to deliberate on November 21, 1997 after hearing the Government's evidence and receiving instructions from the Trial Court in which the Movant contends to have been erroneous. The jury rendered a verdict of **guilty** as to Keith Coleman, **Frederick Gorham,** the Movant, and **Keith London.** Eugene Johnson was found **not guilty** by the jury. The Movant's attorney of record failed to object to the insrtuctions given in it's erroneous and misleading form nor did he or any other defense attorney of record for the other defendants request a clarifying or additional instruction.

The Movant points out the following problems, as they pertain to **counts 1, 5, 6,** and on **Keith London's** behalf, **count 9:**

1) The failure to charge any person other than **London, Gorham,** Coleman, Johnson, or Welcome of a principal offense, and (2) the giving of a jury instruction on aiding and abetting "other persons" when under the evidence no persons other than the Government's agents committed a principal offense. Taking count five (5) as an example, the only principal offense charged is **attempt to aid and abet the distribution of cocaine.** There is no person charged with committing the **principal or substantive offense of distribution. ALL** of the defendants were charged with attempt to **aid and abet** the distribution of cocaine. The indictment can be read, therefore, as charging an offense not known to the law, i.e., the Movant aided and abetted other aiders and abetters. Alternatively the indictment can be read as intending to charge the Movant with aiding and abetting someone else who committed a principal offense. But it is silent on what the principal offense is alleged to be and on the existence of a principal actor. There was no principal actor charged or indicated in the indictment nor was any other parties pointed out to have participated in the substantive offense by the court in it's charge to the jury. The Court's have held that it is legally **impossible** to aid an abet an aider and abetter. See **U.S. V. Verners, 53 F.3d 291 (10th Cir. 1995)** and **U.S. v. Teffera, 985 F.2d 1082, 1086 (D.C. Cir. 1993).** Yet here, in the instant case, all of the defendants are charged with aiding and abetting. The court

gave the trial jury instructions at the conclusion of the trial that failed to explain the charges of 21 U.S.C. 841(a)(1) and what constitutes a violation of that statute. The Court's instructions failed to explain to the jury the complete elements and acts that should have been proven by the Government as to aiding and abetting as well. The Movant understands that an improper indictment is not necessarily reversible. It may be cured by trial events or by jury instructions. **U.S. v. Martin, 747 F.2d 1404, 1408 (11th Cir. 1984).** But nothing was cured in this case. To the contrary, the instructions compounded the deficiencies in the indictment and gave continued life to them. The Court charged the jury in part as follows: **See also Trial Transcript at "Charge of the Court", page 1382 Ln. 2 thru 19.**

> "Now, the guilt of a defendant in a criminal case may be proved without evidence that he personally did every act involved in the commission of the crime charged. The law recognizes that ordinarily anything a person for himself may also be accomplished through direction of another as an agent, or by acting together with or under the direction of another person or persons in a joint effort.
> So, if the acts or conduct of a non-government agent, employee, or other associate of a defendant are willfully directed or authorized by the defendant, or if the defendant aids and abets another person by willfully joining together with that person in the commission of a crime then the law holds the defendant responsible for the conduct of that **other person** just as though the defendant had personal engaged in such conduct."...

Under the undisputed evidence, the only "other persons" that the defedants could have aided and abetted were Government agents and it's informant, and neither of them committed any principal offense or in the alternative that leaves the defendants to have aided and abetted each other and neither of them committed any principal offense. See **United States v. Martin, 747 F.2d 1404, 1407 (11th Cir. 1984)** (reversing the defendant's aiding and abetting conviction in the absence of evidence that the principal offense was committed).

In **United States v. Edwards, 97-4896 (11th Cir 1999)**, the Court vacated the defendant, Edwards, conviction on the ground that because no one committed

the underlying offense. Edwards was arrested as a result of a "reverse sting" operation and charged with violations of narcotics laws under 21 U.S.C. 841(a)(1) and 18 U.S.C. 2. The undercover agent acting as a narcotics supplier, Patrick Flannery, was spoken of by the Court as being in possission of the narcotics but never had the intent to distribute and Edwards had the intent to distribute but never had possession. The Court of Appeals said the defendant's conviction could not be sustained.

Here, in the instant case the Movant never possessed nor distributed the narcotics; the Government agents and informant possessed but never distributed nor did they intend to distribute the narcotics. Because it is legally impossible to conspire with a government agent or it's informants and the agents involved in this case never distributed or intended to distribute any narcotics, which would be the substantive/principal offense, it should also be,[according to this Circuit's holdings], legally **impossible** for the Movant or any of his co-defendants, to have aided and abetted the Government agents and informant or to aid and abet themselves because they were all charged as aiders and abetters.

The indictment is therefore improper and counsel's failure to object to the Trial Court's erroneous instructions which further prejudiced the defendant as to the elements and acts that constitutes a violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2, rendered counsel's Assistance Constitutionally deficient. In **Mathews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 887, 99 L.Ed. 2d 54 (1988)**, the Supreme Court held that a defendant is entitled to correct instructions... The instructions as a whole should sufficiently cover the issues presented by the evidence and constitute correct statements of the law. See **United States v. Pena, 930 F.2d 1486, 1492 (10th Cir. 1991)**. The 11th Circuit Court of Appeals has made it well established that "when defense counsel does not object to or make requests for specific jury instructions, the Court must apply the plain error standard and review the charge in its entirety and in the context of the entire trial." **United States v. Guerrero, 935 F.2d 189, 193 (11th Cir. 1991)**. The Trial Court,in it's **"other persons"** instruction of aiding and abetting, further confused the jury by possibly making it okay to convict the Movant and his co-defendants in the instant case without clarifying that the "other persons" could not be the Government's agents or it's informant, nor could the defendants aid

and abet themselves as aiders and abetters. Without this error it is reasonably prudent to believe that the jury would have rendered a different verdict.

## CONCLUSION

Wherefore, as to avoid a miscarriage of justice, the Movant respectfully prays and requests this Honorable Court to consider the aforementioned arguments and citations of authority and issue an order to vacate his conviction, dismiss the indictment or call for what ever hearings and peoceedings deemed just and proper before this Court.

Respectfully submitted,

Frederick Gorham
#09593-021
Federal Medical Center
P.O. Box 1600
Butner, N.C. 27509

# CERTIFICATE OF SERVICE

I, ~~Frederick Gorham~~, swear I have deposited into the U.S. Postal box at Federal Medical Center Butner, N.C., copies of the enclosed Motion for the below named parties:

1. Mr. Charles Bourne and
   Ms. Kathryn Aldridge
   Assistant U.S. Attorneys
   P.O. Box 8999
   Savannah, Georgia 31412

This 10th day of November, 2000.

I also request a stamped filed copy be sent to me in the self addressed stamped envelope enclosed herein. Because of my poverty, I request a copy of the above motion be sent to the above parties.

Respectfully submitted,

Frederick Gorham
#09593-021

## PLEA FOR LIBERAL CONSIDERATION

Movant Gorham respectfully moves the Honorable Court to **GRANT** all liberial considerations with respect to this action pursuant to **HAINES v. KERNER**, 4040 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594, as Movant is not an attorney and has not attended any law school, nor has any professional training with respect to the filing of legal pleadings.

Respectfully submitted,

Frederick Gorham
#09593-021
Federal Medical Center
P.O. Box 1600
Butner, N.C. 27509