ORIGINAL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION



| | | |
|---|---|---|
| **FREDERICK GORHAM** | ) | CV400-276 |
| | ) | (underlying CR497-181) |
| v. | ) | appeal no. 98-8154 |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO GORHAM'S 28 U.S.C. § 2255 MOTION

COMES NOW the United States of America, by and through Harry D. Dixon, Jr., United States Attorney for the Southern District of Georgia, and files this response in opposition to Gorham's § 2255 motion. For the following reasons, Gorham's motion should be denied.

### 1. Procedural History

Following a jury trial, Frederick Gorham was convicted on counts 1, 5, and 6 of indictment CR497-181.[1] On January 28, 1998, this Court sentenced Gorham to 235 months imprisonment and five years supervised release on each count, to be

---

[1] Count 1 of the indictment charged Gorham (and his codefendants) with conspiracy to aid and abet the distribution of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Counts 5 and 6 charged Gorham with attempting to aid and abet the distribution of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

served concurrently.

Gorham appealed, challenging 1) the computation of his base offense level at 32 based on his involvement with 4.7 kilograms of cocaine in two attempted distribution scenarios; 2) his qualification for a two level reduction pursuant to USSG § 5C1.2; 3) his conviction on the basis of selective prosecution by the FBI and the U.S. Attorney's Office; and 4) the Court's method of randomly selecting alternate jurors. On October 13, 1999, the court of appeals affirmed the judgment of this Court in an unpublished opinion.

Gorham is presently incarcerated at the Federal Medical Center, Butner, North Carolina. His 28 U.S.C. § 2255 motion was signed and dated October 11, 2000, within the one year limitations period applicable to motions under that section.

## 2. Issues Presented

In his § 2255 motion, Gorham challenges his conviction and sentence on the following grounds: 1) elements of the offense (drug quantity and Sentencing Guidelines firearms enhancement) not charged in indictment (Apprendi claim); 2) ineffective assistance of counsel, based on counsel's failure to object to contraband attributed to defendant; 3) ineffective assistance of counsel for counsel's failure to file pretrial motion to dismiss the indictment, or request a jury charge, based on government's over-reaching/misconduct; 4) the Court's ex parte communications

2

with the jury during deliberations; 5) ineffective assistance of counsel, based on counsel's failure to raise issue of downward adjustment under USSG § 3B1.2 (minor/minimal participant); 6) the Court's erroneous application of an upward adjustment for defendant's abuse of a position of trust (USSG § 3B1.3); and 7) ineffective assistance of counsel, based on counsel's failure to raise on direct appeal the PSI's drug quantity attribution.

### 3. Procedural Bar - Issues Not Raised on Direct Appeal

Gorham raises claims for the first time on collateral review (issues number 1 [Apprendi], 4, 5, and 6). If a challenge to a conviction is available to be advanced on direct appeal and a defendant fails to do so, the claim is considered procedurally defaulted in a § 2255 proceeding. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). A ground of error is "available" to be advanced on direct appeal when "its merits can be reviewed without further factual development." Id. The merits of Gorham's claims could have been reviewed without further factual development beyond the trial and sentencing record. These claims were thus available to be raised on direct review as defined by Mills. Absent a showing by Gorham of 1) cause for not raising the grounds on appeal, and 2) actual prejudice resulting from the alleged errors, this Court may not consider his claims. United States v. Frady, 456 U.S. 152, 167-68 (1982); Mills, 36 F.3d at 1055.

## 4. Issues Raised and Rejected on Direct Appeal

Issues 1, 2, 3 and 7 of Gorham's § 2255 motion pertain to the PSI's drug quantity assessment and the Court's drug quantity determination at sentencing,[2] and to the issues of selective prosecution and entrapment, which Gorham (and codefendant Keith Coleman) unsuccessfully challenged on direct appeal. The Eleventh Circuit has stated that a defendant is not entitled to collateral relief based on a claim that was raised and rejected on direct appeal, and which is merely "re-characterized" in a § 2255 motion. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). Issues 1, 2 and 7 of Gorham's § 2255 motion are therefore procedurally barred.

## 5. Discussion and Citation of Authority

### a. Ineffective Assistance of Counsel, Generally

To prevail on a claim of ineffective assistance of counsel, the defendant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient, and that he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 689 (1984). To establish

---

[2]In his § 2255 motion, Gorham complains that his counsel was ineffective for failing to object to drug quantity, and for failing to raise the issue on appeal. However, the record demonstrates that counsel did raise the issue in the PSI objections, at sentencing, and on direct appeal. PSI addendum; Sent. Tr. pp. 4-12.

4

deficient performance, the defendant must prove that his counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. There is a strong presumption that the challenged action constitutes sound trial strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error, in light of all the circumstances, and the standard of review is highly deferential. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). To establish prejudice, the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 689; Mills v. Singletary, 63 F.3d 999, 1020 (11th Cir. 1995); King v. Strickland, 748 F.2d 1462, 1463 (11th Cir. 1984).

### b. Gorham's Apprendi Claim

#### 1. Drug Quantity

Gorham argues that his sentence should be reduced because the indictment in his case failed to allege drug quantity, and because the drug quantity was determined by the Court rather than proved to the jury beyond a reasonable doubt. See Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). Recently the Ninth Circuit court of appeals

5

held that the non-retroactivity principle pronounced in Teague v. Lane, 489 U.S. 288 (1989) prevents a habeas petitioner from benefitting from Apprendi's new rule on collateral review. Jones v. Smith, 2000 WL 1664426, *8 (9th Cir., Nov. 7, 2000). But see United States v. Nicholson, 2000 WL 1634731, *6 (8th Cir. Nov. 1, 2000)(stating in dictum that the court of appeals was not precluded from applying Apprendi in a case where an untimely appeal was considered as a motion for post-conviction relief under 28 U.S.C. § 2255, where petitioner had not previously collaterally attacked his conviction).

Even if Gorham's sentence were reconsidered in light of Apprendi, however, Gorham would receive no benefit. The Court sentenced Gorham to 235 months imprisonment. Since this is within the statutory maximum without reference to drug quantity under 21 U.S.C. § 841(b)(1)(C), there is no Apprendi error. United States v. Gerrow, 2000 WL 1675594 (11th Cir. Nov. 8, 2000).

**2. Firearms Enhancement**

Gorham also suggests that the rule announced in Apprendi precludes his sentence from being enhanced under USSG § 2D1.1 (b)(1) for possession of a dangerous weapon.[3] The Eleventh Circuit expressly stated that Apprendi does not

---

[3]The record supports the application of the firearms enhancement, as Gorham and the other officers involved each were informed in a taped undercover meeting that possession of their police badges and firearms was required at the

6

apply to Sentencing Guidelines determinations where, as here, the resulting sentence does not exceed the statutory maximum (e.g., 240 months under 21 U.S.C. § 841(b)(1)(C)). United States v. Nealy, 2000 WL 1670932, *4 n.3 (11th Cir. Nov. 7, 2000).

### c. Government Over-reaching/Misconduct

Gorham contends his counsel was ineffective for not filing a motion to dismiss the indictment in his case due to government over-reaching and prosecutorial misconduct. However, on direct appeal Gorham and his codefendant Keith Coleman challenged the Court's denial of dismissal motions based on their theory of selective prosecution, and Coleman claimed on appeal that he was entrapped or induced by the government to commit the crimes with which he was charged. The court of appeals affirmed Gorham's and Coleman's convictions, and found no error. Gorham may not revisit these issues in a § 2255 motion. Nyhuis, 211 F.3d at 1343.

### d. Court's Communications with Jury During Deliberations

Gorham states that the Court had improper ex parte contacts with the jury during its deliberations. In support of his contentions, he cites docket entries 204,

---

cocaine transactions for which they provided security. Sent. Tr. p. 8; PSI ¶ 8. Even if Gorham did not actually possess a weapon himself, the enhancement still applies based on his coconspirators' possession of firearms which was reasonably foreseeable to Gorham. United States v. Otero, 890 F.2d 366, 367 (11th Cir. 1989); United States v. Gallo, 195 F.3d 1278, 1281 (11th Cir. 1999).

7

205 and 206.[4] An examination of these items refutes Gorham's assertions.

Document 204 is a note from the jury foreman informing the Court that a photo and an exhibit label were missing from the items that went out with the jury during deliberations.[5] Document 205 is a reply from the Judge stating that the jury would not be authorized to see any documents that were not already in the jury room. Finally, document 206 is a request from the Court to the jury regarding whether the jury wished to continue to deliberate that evening, or would prefer to return in the morning. None of these documents supports Gorham's claim of improper ex parte contacts with the jury.

### e. Mitigating Role Reduction (USSG § 3B1.2)

Gorham claims that his counsel was ineffective for failing to request a mitigating role reduction based on Gorham's minor or minimal role in the offense. However, Gorham does not provide a factual basis to support his assertion that he was somehow less culpable than other participants in the offenses of which he was

---

[4] Copies of the documents in question were obtained from the clerk's office and are appended hereto as exhibits.

[5] The trial transcript reflects that the Court, in the presence of counsel for the parties, instructed the Marshal to ensure all trial exhibits went to the jury room with the jury. Trial Tr. p. 1389. The Court instructed the jury that they would have all the materials (i.e., documents and other trial exhibits admitted by the Court at trial) with them to assist them in judging the facts. Trial Tr. p. 1387. Counsel had no exception to the Court's instruction to the jury. Trial Tr. p. 1388.

convicted. Moreover, Guidelines errors are not cognizable on collateral attack. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995). When a defendant has been given the opportunity to review his presentence investigation report ("PSI"), and to be heard at sentencing, his failure to raise a challenge to the PSI at sentencing will foreclose him from raising the challenge in a § 2255 motion. United States v. Peloso, 824 F.2d 914, 915 (11th Cir. 1987). Indeed, to raise such a challenge for the first time post-judgment is too late. Peloso, 824 F.2d at 915 (citing Simmons v. United States, 777 F.2d 660 (11th Cir. 1985)).

The record in this case reflects that Gorham did not file objections to the PSI on this basis, nor did he ask the Court at sentencing to consider a role in the offense reduction. Nor is there a factual basis in the record for such a reduction. The defendant bears the burden of proving that his sentence should be reduced to reflect his minor or minimal role in the offense. United States v. Rodriguez De Varon, 175 F.3d 930, 939 (11th Cir. 1999)(en banc). In making this decision, the Court must first consider the defendant's role in the relevant conduct for which he has been held accountable at sentencing, and second, his role as compared to that of participants in his relevant conduct. Id. at 939-45. Even if the defendant is among the least culpable in a conspiracy he is not automatically entitled to a minor role reduction. It is entirely possible for conspiracies to exist in which there are no minor participants. Rodriguez

De Varon. 175 F.3d at 944; United States v. Zaccardi, 924 F.2d 201, 203 (11th Cir. 1991).

Gorham was recruited to participate in a scheme to provide security and protection for what he believed were actual multi-kilogram cocaine transactions. Gorham attended a meeting in a building where cocaine was allegedly stored and was informed 1) of the plan to transport cocaine into Savannah and 2) that he must possess his police badge and firearm to provide security escorts. See PSI ¶ 8; Sent. Tr. pp. 6, 8. On two occasions Gorham provided security escorts for cocaine shipments totaling 9.4 kilograms, for which he received a total of $6,500. PSI ¶¶ 10, 11, 17; Sent. Tr. p. 11. Gorham's termination from the police department prevented him from being able to provide police protection for additional cocaine shipments. PSI ¶ 14; Sent. Tr. p. 10. Given his understanding of the nature of the illicit cocaine conspiracy, and his participation in providing police security for two multi-kilogram cocaine transactions, Gorham was not entitled to a minimal participant role reduction. USSG § 3B1.2(a), comment. (n.1) and (n.2). Nor was Gorham a minor participant in the two cocaine transactions for which he was held accountable. As such, there was no error.

### f. Abuse of Position of Trust (USSG § 3B1.3)

Sentencing Guidelines § 3B1.3 requires that the defendant occupy a position which must have contributed in some significant was to facilitating the commission or concealment of the offense (e.g., by making the detection of the offense more difficult). USSG § 3B1.3, comment. (n.1). Among the factors that should be considered in determining whether the defendant abused a position of trust include the extent to which the position provides the freedom to commit a difficult to detect wrong, and whether the abuse could be simply or readily noticed. United States v. Milligan, 958 F.2d 345, 346 (11th Cir. 1992). In United States v. Terry, 60 F.3d 1541, 1545 (11th Cir. 1993), the Eleventh Circuit upheld the enhancement where the defendant was a police officer who rode around a park while his colleague purchased cocaine. The defendant was able to offer security in this manner, and also, by monitoring his radio, could ensure that no other officers were in the area. This conduct facilitated the commission of the offense.

In the instant case, Gorham was even more involved in providing security for two large cocaine shipments than the defendant in the Terry case. Gorham knowingly used his position as a police officer to facilitate and cover up what he believed was large scale (multiple kilogram) cocaine dealing in the Savannah area; the Court so found at sentencing. Sent. Tr. pp. 8, 13, 20-21, 30, 32-33. There was no error in the

Court's enhancement of Gorham's sentence under USSG § 3B1.3.

## 6. Conclusion

Gorham's claims are either procedurally barred, barred by previous adverse litigation on direct appeal, or without merit. Despite his claim of deficient representation by counsel, he has not made a showing of ineffectiveness under the familiar standard set forth in Strickland v. Washington, 466 U.S. 668, 689 (1984).[6] He is entitled to no relief here.

WHEREFORE, the government respectfully requests that this Court issue an Order denying Gorham's 28 U.S.C. § 2255 motion, and for such other relief the Court deems appropriate in this case.

Respectfully submitted,

HARRY D. DIXON, JR.
UNITED STATES ATTORNEY

Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

---

[6]Counsel is not ineffective for failing to raise meritless issues on appeal. Nyhuis, 211 F.3d at 1344.

We are missing a photo of the Marriott. The one with the truck and the white Honda.

And we are missing the label on government exhibit number 53

*Elmo Been, Jr. Foreman* (signature)

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office
9:00 P.M.
11-21 19 97
/s/
Deputy Clerk

204

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office
9:10 P M.
11-21 19 77
Deputy Clerk

Members of the jury:

The Court is not authorized to allow you to see any documents that are not presently in the jury room.

B. Avant Edenfield
Judge

Ladies and Gentlemen of the Jury

Do you wish to continue your deliberations this evening, or do you wish to return in the morning?

✓ Yes, we wish to continue

___ No, we prefer to come back in the morning

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office
10:00 P.M.
11-21    19 97
_____
Deputy Clerk

B. Avant Edenfield,
Judge

206

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the government's response in opposition to Frederick Gorham's 28 U.S.C. § 2255 motion has been mailed to:

Frederick Gorham, Inmate Reg. No. 09593-021
Federal Medical Center
Post Office Box 1600
Butner, NC 27509

This 1st day of December, 2000.

HARRY D. DIXON, JR.
UNITED STATES ATTORNEY

Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

U. S. Attorney's Office
100 Bull Street, Suite 201
Savannah, GA 31401
(912) 652-4422