FILED
U.S. DIST. COURT
SAVANNAH DIV

Jan 25  2 50 PM '01

CLERK
U.S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FREDERICK GORHAM )
    (MOVANT) )    CASE NO: CV400-276
 )
vs. )
 )
 )
UNITED STATES OF AMERICA )
    (RESPONDENT) )
 )

## MOVANT'S TRAVERSE IN OPPOSITION TO THE
## GOVERNMENT'S RESPONSE TO GORHAM'S
## 28 U.S.C. §2255 MOTION

COMES NOW, the Movant, **Frederick Gorham**, appearing Pro-Se, who respect-
fully moves this Honorable Court to allow the Movant to submit a Traverse
to the Government's Response to his motion 28 U.S.C. §2255. For the following
reason, the Government's request should be denied and the Movant's Motion
should be **GRANTED.**

In the Government's response, the AUSA attempts to mislead the Court
on several different issues and on other issues there is an attempt to avoid
the legal subject matter, actually being raised, by either not addressing
the matter completely or by attempting to use a defense of procedural bar.

The Movant's claims are not procedurally barred nor are they without
merit as the Assistant United States Attorney claims. The Movant respectfully
prays this Honorable Court to review the following issues in the standards
of the Citations of Authority and the Authority vested in the Court to insure
that there is not a miscarriage of justice.

## INEFFECTIVE ASSISTANCE OF COUNSEL
## RAISED ON 28 U.S.C. §2255, GENERALLY

The Government contends that because the Movant failed to raise claim
of Ineffective Assistance of Counsel on direct appeal, he is barred from
doing so now. Generally, the Court of Appeals does not consider ineffective
assistance claims on direct appeal, "because there usually has been insufficient
opportunity to develop the record regarding the merits of these claims."
**United States v. Camacho**, 40 F.3d 349,353 (11th Cir. 1994); **United States
v. Andrews**, 953 F.2d 1312,1327 (11th Cir. 1992). An evidentiary hearing,
available in a 28 U.S.C. §2255 proceeding, is often required for development
of an adequate record. **Holmes v. United States**, 876 F.2d 1545,1552 (11th Cir. 1989); 11

<u>United States v. Hilliard</u>, 752 F.2d 578,580 (11th Cir. 1985). Because the record below in the instant case was insufficiently developed, on direct appeal, to afford Movant Gorham a thorough review of his ineffective assistance claims, this Court should consider his claims here; they are properly addressable via a motion under 28 U.S.C. §2255 to vacate, set aside, or correct sentence as it is before this Honorable Court now.

## I. Issue One (Apprendi Claim)

### THE GOVERNMENT'S RATIONALE OF THE APPLICATION OF THE APPRENDI DECISION AS IT APPLIES TO THE MOVANT'S §2255 IS ERRONEOUS

On September 10, 1997 Movant Gorham was indicted on one count of conspiracy to aid and abet the distribution of cocaine a violation of 21 U.S.C. 846 and two counts of attempt to aid and abet the distribution of cocaine in violation of 21 U.S.C. 841(a) and 18 U.S.C. 2. The Movant entered a plea of not guilty, after which a jury trial ensued. After the presentation of trial evidence, the jury was given instructions as to how to consider their verdict in comparison with the law. The Court informed the jury that they were **only to consider what was in the indictment** as it pertained to each individual. See **Trial Tr. p. 1384 Ln. 21-25.** The jury returned a verdict of guilty as to each count in which the Movant was charged. At sentencing the Court determined that the Movant was responsible for **9.4kg** of cocaine for his **role** in the offense based on a **preponderance of evidence standard.** The Court also enhanced the Movant's sentence from a base offense level of 32 to an adjusted level of 36 by applying 2 points for Possession of a Weapon under 2D1.1(b)(1) of U.S.S.G. and 2 points for Abuse of Trust under 3b1.3 of U.S.S.G., all done under the **preponderance of evidence standard.** Gorham was sentenced to 235 months imprisonment and 5 years supervised release under the statutory enhanced guideline of 21 U.S.C. 841(b)(1)(A), which calls for a <u>mandatory minimum of 10 years</u> to a <u>maximum</u> of <u>Life</u> and <u>5 years supervised release</u>. Based on the drug amounts and the additional enhancements determined by the Sentencing Court and PRS, Movant Gorham was sentenced outside the perameters of the statue as well as that of the <u>Guideline Range</u> of the U.S.S.G. that should have applied based on the **charges of the indictment and the jury's verdict.**

The preponderance of evidence standard of proof has recently been over ruled, in this practice by the Supreme Court, in a stream line of decisions which now requires that "A quantity of drugs that would increase a defendant's maximum sentence to which he would otherwise be **[exposed]** for a conviction under 841 (a) is a fact that **<u>must be found by a jury beyond a reasonable doubt.</u> U.S. v. Rogers, 99-15150 (9/29/00 11th Cir.) relying on <u>Apprendi v. New Jersey,</u>** 120 S.Ct. 2348 (2000). The Supreme Court pointed out two Constitutional <u>safeguards</u> that were being violated under the old practice of the "preponderance standard"; 1)"under the Due Process Clause of the 5th Amendment and 2) the notice and jury trial guarantees of the 6th Amendment, holding that any fact [other than prior convictions] that increase the maximum penalty for a crime must be **charged in an indictment submitted to a jury and proven beyond a reasonable doubt").** <u>Jones v. United States,</u> at 243, n.6, 119 S.Ct. 1215. The Movant in the instant case did not benefit from these Constitutional <u>safeguards</u>.

There were "no" drug amounts listed in the indictment, no weapon enhancement was charged in the indictment,nor was an abuse of trust enhancement listed either. Furthermore, none of the same was presented to the jury for deliberation under the "reasonable doubt standard" at the conclusion of trial.

> Justice Scalia and Stevens, in their concurring
> opinions in Jones, state that any factor that in-
> creases a statutory penalty must be established
> by proof beyond a reasonable doubt. Jones,119 S.Ct.
> at 1229. "I am convinced that it is unconstitutional
> for a legislature to remove from the jury the assess-
> ment of fact that increase the prescribed **range of
> penalties** to which a criminal defendant is "exposed".
> It is equally clear that such facts must be established
> by proof beyond a reasonable doubt." "Indeed, in
> my view, a proper understanding of this principle
> encompasses facts that **increase** the **minimum** as
> well as the **maximum** permissible sentence, and also
> facts that must be established before a defendant
> is put to death." Id. at 1229 (Steven's concurrence).
> "I set forth as my considered view, that it is
> unconstitutional to remove from the jury the assess-
> ment of facts that alter the congressionally prescribed
> range of penalties to which a criminal defendant
> is **exposed**." Id.. (Scalia's concurrence).

In **United States v. Garcia—Guizar, 227 F.3d 1125,1129 (9th Cir. 2000)**, the Court of Appeals recognized that in Garcia's case,"the prescribed statutory minimum penalty increased from no  minimum penalty on facts as found by the jury, (see 841(b)(1)(C), to ten years on the facts as found by the judge at sentencing, (see 841(b)(1)(A)... **Apprendi** prohibits such an increase." It also appears that the Supreme Court has applied the standards of Apprendi to "relevant conduct" under the Sentencing Guidelines. In **Robinson v. United States, 00—287 (Nov. 27,2000 Session)**, the Supreme Court vacated the judgment of the defendant where the 7th Circuit Court of Appeals held on 5/23/00, that the trial court did not clearly err in its determination,for sentencing purposes, of defendant's "relevant conduct" on basis of trial evidence and testimony by witnessess at  sentencing proceeding. The High Court held a different view and ruled in favor of the defendant, making it clear that "relevant conduct" must be proven beyond a reasonable doubt in light of the Court's recent decision in **Apprendi v. New Jersey, 120 S.Ct. 2348.** Also, in **Turnbull v. United States, 00—345 (Dec. 4,2000 Session)**, the Supreme

Court vacated the judgment of a defendant who was enhanced under **2D1.1(b)(1)**
and **3B1.1(b)** under the U.S.S.G. for <u>weapon possession</u> and <u>role in the offense</u>
based on the "preponderance standard" by holding that the standards pointed
out in **Apprendi** and the Constitutional safeguards it required should apply
in that case as well.

These rulings has brought into question the Court's holding in **Edwards
v. United States, 118 S.Ct. 1475(1998)** which allows a sentencing judge to
estimate drug amounts for the purpose of sentencing, based on "relevant conduct"
as long as the sentence doesn't exceed the statutory maximum.

Movant Gorham was sentenced under §841(b)(1)(A) in conjunction with
the U.S.S.G. to a term of **235(two hundred thirty five)months imprisonment**
and 5 **(five)years supervised release** based on a "preponderance standard"
by the sentencing judge in determining <u>drug quantity</u> and 4 level enhancement
for <u>abuse of trust and weapon possession</u>. The verdict of the jury in accordance
with the indictment should have placed the Movant in the statutory penalty
*section of 21 U.S.C. 841(b)(1)(C). Under this section the Movant's sentence*
would **not** have been governed by the <u>enhanced penalties</u> of 21 U.S.C. 841(b)(1)(A)
which "exposed" Gorham to a <u>mandatory minimum</u> of 10years to <u>maximum</u> of Life
with <u>5 years supervised release</u>, **[instead]**,under section 841(b)(1)(C) the
sentence would have been set with "<u>no mandatory minimum</u>" to a <u>maximum</u> of 20yrs.
with <u>3 years supervised release</u> (18 U.S.C. 3583(b)(2) authorizes a term of
supervised release of [not more than three years] for a Class C felony);
**United States v. Kelly, 974 F.2d 22,24-25 (5th Cir. 1992); United States
v. Garcia, 983 F.2d 625,630 (5th Cir. 1993).** At sentencing, the Court,in
considering the Movant's Guideline level, should have sentenced the Movant
to a level **12** which calls for a sentencing range of **10-16 months** imprison-
ment and **3years supervised release,** due to the silence of the indictment
as to drug amounts and enhancements in light of the **Apprendi** holdings in
conjunction with the holdings of **Robinson v. United States,** 00-287 __ S.Ct.__
**(Nov.27, 2000 Session)** and **Turnbull v. United States,** 00-345 ___ S.Ct. ___
**(Dec. 4, 2000 Session)** as to the standard of proof, being now, "beyond a
reasonable doubt" and "charging the elements in the indictment",instead of
preponderance of evidence and relevant conduct considered at sentencing by
the judge and PSR.

This issue should not be restricted, as that this claim is properly
before this Honorable Court for review in accordance with **28 U.S.C. 2255**
which states "... the <u>initial petition</u> need **only** show that there has been

such a denial or infringement of the constitutional rights of the prisoner *as to render the judgement vulnerable to collateral attack*." *Gorham is filing* his initial petition 28 U.S.C. 2255 and believes he has shown that the Constitutional safeguards of the 5th and 6th Amendments were violated in sentencing him to **235 months imprisonment and 5 years supervised release,** based on uncharged conduct and elements not listed in the indictment and proven to the jury beyond a reasonable doubt.

Other courts have applied the **Apprendi** decision to 28 U.S.C. 2255's on their first appearance before the court. **See, Parise v. United States, 117 F.Supp.2d 204 (D.Conn. Oct. 25,2000)( holding that on defendant's 2255 motion, both statutory maximum and minimum sentences are impacted by Apprendi); United States v. Nicholson, 2000 WL 1634731 (8th Cir. Nov. 1,2000)(stated that untimely appeal was considered as a 2255, where petitioner had not previously collaterally attacked his conviction).** The government contends that the Movant's motion as to this issue should be procedurally barred in accordance with **Mills v. United States, 36 F.3d 1052,1055(11th Cir. 1994)** *in which the Court* held that in order to have this Court to consider his claim he must show 1)cause for not raising the grounds on appeal, and 2)actual prejudice resulting from the alleged errors. Gorham did not advance this claim on direct appeal because the Supreme Court's ruling in Apprendi had not been decided at the time of his conviction nor at the time of his direct appeal. Gorham was prejudiced as a result of his sentence being imposed in violation of the Constitutional safeguards of the 5th and 6th Amendments in the manner as stated in the before mentioned argument.


Wherefore, the Movant respectfully request this Honorable Court to consider the aforemention argument and citation of authority and vacate and remand his sentence for resentencing or what ever other proceedings the Court deems just and proper.


## II.  Issue Two (U.S.S.G. 2D1.1 note 12)

### THE GOVERNMENT'S DEFENSE OF PROCEDURAL BAR TO THIS ISSUE IS WITHOUT MERIT AND ITS FAILURE TO ADDRESS THE ISSUE SHOULD BE CONSIDERED A CONCESSION TO THE FOLLOWING ARGUMENT

Familiarity with the structure and basic content of the Sentencing Guide-lines is a necessity for trial counsel to give effective representation during sentencing. **United States v. Soto, 132 F.3d 56,59 (D.C. Cir. 1997), quoting**

United States v. Gaviria, 116 F.3d 1498, 1512 (D.C. Cir. 1997)(quoting United States v. Day, 969 F.2d 39, 43 (3rd Cir. 1992). Under Strickland v. Washington, 466 U.S. at 694 (1984), there is a reasonable probability that the result of the proceeding would have been different, had counsel not performed deficiently and that counsels performance was unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). In the instant case before the Court, Movant Gorham's trial counsel, William Cox, failed to properly object in accordance with **Application Note 12** of 2D1.1 of the U.S.S.G., under which section the Presentence Investigator and the Assistant United States Attorney relied on in the Presentence Report. After Mr. Cox's objection, which consisted of only "mitigating factors", the Court agreed with the Presentence Report's findings, concluding that ..."**the Court adopts the statements in the Presentence Report, both those that are controverted and those that are not controverted as its statement of reasons with what [I] have supplemented here, my own personal view of it.**" (See Sent. Tr. p. 15 Ln. 11-15). Subsequently sentencing Movant Gorham to a term of **235 months imprisonment** and **5 years supervised release** due to the erroneous application of **9.4 kilograms of cocaine.**

Counsel Cox's assistance reached a level of deficiency in which Gorham's right to effective assistance of counsel afforded to him under the protections of the 6th Amendment of the United States Constitution when Mr. Cox failed to specifically point the Court to **2D1.1's Application Note 12** which states in part and particularly, directly in reference to cases of this same nature that, "...in a reverse sting, the **agreed-upon quantity** of the controlled substance would more accurately reflect the scale of the offense because the amount actually delivered is Controlled by the government, **not the defendant.**" Note 12 goes on to state ..." the court shall exclude from the offense level determination the **amount** of controlled substance that the defendant establishes that he or she did not intend to provide or was not reasonably capable of providing." (**U.S.S.G. 2D1.1 Application Note 12**). There was never an "agreed-upon quantity" between Gorham and no other parties during this operation, nor at any other time. The record is silent as to an "agreed-upon amount" of cocaine. The word "keys", as mentioned by the paid informant on one occasion during a second meeting with the Movant, by itself does not warrant a specific amount of 4.7KG of cocaine for each scenerio simply because that's what the

-7-

FBI agents agreed to be in possession of among themselves. (**See Trial Tr.** **p.69 Ln. 24-25 and p. 70 Ln. 1-14**). Movant Gorham's counsel should have specifically requested the Sentencing Court to consider the commentary in Application Note 12 of U.S.S.G. 2D1.1, as that it would have afforded the Movant a sentence that would have better reflected the Commission's intention of the ways in which the Court was to apply the Guidelines in reference to a criminal case in this section arising from a **"reverse sting"** operation, as is the instant case involving Movant Gorham.

The Supreme Court has stated that, "Sentencing Commission commentary still remains controlling authority." **Stinson v. United States**, 123 L.Ed 2d 598 (1993). Also, according to **United States v. Soto**, 132 F.3d 59 (D.C. Cir. 1997), trial counsel must specifically request an adjustment under the Guidelines. Movant Gorham's trial counsel (Cox) never directed the sentencing Court's attention to the Guideline's Commentary in the Application Notes in 2D1.1, under which the Movant was being sentenced. Counsel simply pointed out miti- gating factors. Taken as a whole, Movant Gorham contends that with respect to the Commentary in Note 12 of U.S.S.G. 2D1.1, the Court should have considered or should have been given the opportunity to consider if there was an **"agreed- upon quantity."** Because of the aforementioned argument, Movant Gorham believes that Counsel's assistance was Contitutionally Ineffective based on the section of the Guideline mentioned above. This was not the type of sound trial, sentencing, or appeal strategy that should have been expected within the professional norms of a criminal case. Gorham would not have been prejudiced if Counsel Cox would have simply familiarized himself with the Sentencing Guidelines basic content, he could have pointed out to the sentencing Court in a proper objection that, if granted, would have resulted in his client, Movant Gorham, receiving a much more appropriate sentence that fits more into the wells of justice based on the nature of this particularly unusual case.

Movant Gorham now prays that this Honorable Court vacate, set aside or remand the sentence in this matter in light of the aforementioned arguments.

### III. Issue Three ( Government Overreaching/Misconduct)

### THE GOVERNMENT FAILED TO RESPOND TO MOVANT"S CLAIM OF INEFFECTIVE ASSSISTANCE OF COUNSEL NOR THE MERITS OF THE UNDERLYING CLAIM

The Government contends that Movant Gorham may not raise issue three because he raised on direct appeal, that the court's denial of a motion to dismiss based on Selective Prosecution was in error. Because the Court of

Appeals affirmed that ruling, does not, preclude the Movant from raising the instant claim on 28 U.S.C. 2255. This claim of ineffective assistance of counsel for counsel's failure to file motion to dismiss or request jury instructions on basis of Government Overreaching/Misconduct, is a claim that falls in another pond of water not one that would resurface the previous claim of Selective Prosecution as the defendant in **U.S.v Nyuis, 211 F.3d at 1343 (11th Cir. 2000)**. A Selective Prosectuion claim must prove two distinct prongs: 1) that the government singled the individuals out for prosecution due to a constitutionally impermissible reason; and 2) that the government did not prosecute a similarly situated defendant who was of a different race, religion or ethnic group. **U.S.v Silien, 825 F.2d 320 (11th Cir. 1987)**. Here, in the instant case, the Movant's claim in issue three must show that the government instigated the criminal activity, provided the place, equipment, supplies and know-how, and run the entire operation with only meager assistance from the defendants. **U.S.v Edenfield, 995 F.2d 200 (11th Cir. 1994)**.

The Movant was the subject of a **"reverse sting operation"** conducted by F.B.I. Agents with the minor support of local law enforcement in the Savannah, Georgia area. The facts of this case will reveal that these same agents instigated the criminal activity charged in the indictment. That is, the agents provided the necessary ways and means to accomplish the distribution of cash and drugs through informants and agents working in the capacity of drug dealers, which is, **Government Overreaching/Misconduct**. Inasmuchas the government agents implanted the criminal design in the mind of otherwise unpredisposed defendant.**(See Trial Tr. p.529 Ln. 5-12)**; whereas, the agents provided the cash, drugs, places to meet, plus the ways and means in which to complete an unlawful objective **(See Trial Tr. p.460 Ln. 2-9)**, this conduct on behalf of the agents constitutes "Government Over-reaching" that should not be ignored. The Ninth Circuit has explained that,"[i]n the two cases in which Federal Appellate Courts have squarely upheld a Government Over-reaching/Misconduct argument, where the defendants would not have had the capacity to commit the crimes without the government's assistance". **United States v. Lomas**, 706 F.2d 886,891 (9th Cir. 1983); **United States v.McCown**, 711 F.2d 1441, 1449-50 (9th Cir. 1983); **United States v. Ramirez**, 710 F.2d 535,540 (9th Cir. 1983) **("In both cases the Government's misconduct was in effect, the generation by police of new crimes merely for the sake of pressing crimnal charges against the defendant.")**;Id. at 539-40 & 540 n.4, cf., **Kett v United States**, 722 F.2d 687,689 (11th Cir. 1984) **(quoting**

United States v. Tobias, 662 F.2d 381,386 (5th Cir. 1981) cert. den., 457
U.S. 1108,102 S.ct. 2908,73 L. Ed 2d 1317 (1982)). ("[A]lthough a government
agent may provide something of value to a criminal enterprise, he may not
instigate the criminal activity, provide the place, equipment, supplies and
knowhow, and run the entire operation with only meager assistance from the
defendants"). Which is exactly what happened in the instant case, whereas
the government agent implanted the criminal design in the mind of the Movant,
by using it's confidential paid informant (Heyward) to sendout a rookie police
officer (Coleman) to gather up additional rookie police officers to participate
in the meager task of providing escort services for the government's illegal
operation. All instructions were given by the informant through Coleman to
the Movant and others recruited to participate. This same conduct crosses
the line drawn by this circuit's **Tobias**, which must be considered controlling
precedent of this circuit, whereas this circuit adopted as binding precedent
all decisions of the former Fifth Circuit handed down prior to October 1,
1981. See **Bonner v City of Prichard**, 661 F.2d 1206,1209 (11th Cir. 1981).

The 11th Circuit held in **U.S. v Edenfield**, 995 F.2d 200 (11th Cir. 1994),
that the evidence showed the defendants used and distributed cocaine before
the investigation in that case. They were also equipped with their own inde-
pendently acquired knowledge, personal contacts and hardware and the defendants
started each of the drug transactions mentioned in their indictment. In
citing **United States v Twigg**, 588 F.2d 373 (3rd Cir. 1978), the Court stated,
"The government did not instigate the criminal activity, provide the place,
equipment, supplies and know-how, and run the entire operation with only
meager assistance from the defendants." The circuit court upheld the **Edenfield**
*conviction on that argument, because their investigation lacked the elements*
shown in **Twigg**. Movant Gorham points out to the court that the elements in
**Twigg**, does exist in the investigation conducted during his case. The F.B.I.
supplied the contraband **(cocaine), the couriers, the office/warehouse, the
money to be paid out, the purported buyers and sellers(agents and informant),
instructions on what to do, when, and how to do it in order to further aggrivate
the "so called" conspiracy.** The illegal operation began with the government's
instigation and remained under their control until it ended at their discretion.

It should seem that when an investigation is not aimed at a specific
target, eventhough,there may be substantial certainty that the person solicited
by the undercover agents and their informants for participation in a particular
crime will seek the participation of others; there would be serious concern
with constitutional issues. Precisely whenever, as it was in the instant case,
it is reasonable to expect that the investigation will result in a secondary

-10-

target's participating in an offense, whether the secondary target was selected by [a government agent/informant or the unsuspecting middleman]. The secondary target's participation in the offense must be considered the creature of [the agent's] purpose. In **U.S. v Russell**, 411 US 423,431-32 (1973), Justice Powell quotes from Judge Friendly's view in **United States v Archer**, 486 F.2d 670,676 (2d Cir. 1973), that, "It would be unthinkable, for example, to permit government agents to instigate robberies and beatings merely to gather evidence to convict other members of a gang of hoodlums." Surely, if the courts have held that it is legally impossible to conspire with a government agent or informant who aims to frustrate a conspiracy **U.S. v Kelly**, 888 F.2d 732 (11th Cir. 1989), then it should be equally so impossible to **aid and abet** a government agent or informant in their commission of a substantive offense. In this case, that of **distribution**, which is the offense in which the Movant and all others charged in the instant case stand convicted of aiding and abetting as well as conspiracy to do the same. If this Honorable Court would review the instant case and it's true elements, it would clearly see that the government has done nothing more than instigate a drug ring in it's entirety, merely to gather evidence to convict individuals who were envagled into its web.

Additionally, in **Green v United States**, 454 F.2d 783 (9th Cir. 1971), the Ninth Circuit barred prosecution where the government contacted the defendants after their arrest on previous bootlegging charges and offered to supply the necessary equipment, as well as an operator for a still. The government in that case, supplied a large quantity of sugar at wholesale, urged the beginning of production, and was the defendants's sole customer. Id. at 786-87. The court held that the government may not involve "**itself** so directly and continously over such a long period of time[two and one-half years], in the creation and maintenance of criminal operations, and yet, prosecute its collaborators." Id. at 787. In the instant case the government's conduct went far and beyond **Twigg,Green,Kett** and **Tobias**, because the government created the criminal activity by providing **informants, cash, drugs, couriers, office/warehouse and places to meet**, which contributed to its success.

This case is by no means, a case where the government attached itself to an on-going...operation for the purpose of closing it down and prosecuting the operators. It is crystal clear that the government through its informants, [(some of whom have been recently procecuted for perjurous information given to provide a basis for this investigation, which the government relied on in whole or in part)] and agents created, engineered and directed the criminal activity in this case from start to finish. Thus, the government's conduct

-11-

was grossly overreaching and outrageous so as to violate the Universal Sense
of Justice. See **Ramirez, 710 F.2d at 539 (quoting United States v Ryan, 548
F.2d 782,789 (9th Cir.1976), Cert. Denied, 430 U.S. 965,97 S.ct. 1644,52
L.Ed.2d 356 (1977))**. Thus, Due Process under the Fifth Amendment warrants
a dismissal of the indictment.

The Attorney of Record knew or should have known that the government's
conduct during the investigation amounted to overreaching/police misconduct
on the part of the government, in violation of Movant Gorham's Fifth Amendment
Due Process Rights. The trial attorney's failure to investigate, object in
pretrial motion to dimiss indictment, **Fed. Rules Crim. Proc. Rule 12(b),
18 U.S.C.A.; U.S. Const. Amend. 5,** or request jury instructions on a government
overreaching/police misconduct defense theory, rendered counsel's assistance
ineffective and in violation of the Movant's 6th Amendment Rights. The courts
have held that a criminal has the right to have the jury instructed on theory
of defense, separate and apart from instructions given on the elements of
the charged offense, **United States v Opdahl, 930 F.2d 1530 (11th Cir. 1991);
United States v Lively, 803 F.2d 1124 (11th Cir. 1986).** The Fifth Circuit
has held in **Perez v United States, 297 F.2d 12,15-16 (5th Cir.1961)** and the
Eleventh Circuit has adopted, that,"[T]he defendant... is entitled to have
presented instructions relating to a theory of defense for which there is
**any foundation** in the evidence." In deciding whether the Movant has met his
burden, the court is obliged to view the evidence in the light most favorable
to the accused. **United States v Williams, 728 F.2d 1402,1404 (11th Cir. 1984).**
When defense counsel does not object to or make requests for specific jury
instructions,the circuit court has held that in applying the plain error
standards a review of the charge in its entirety and in the context of the
entire trial should take place. If this Honorable Court was to do such an
analysis, it is the Movant's belief that it would find that trial counsel
assistance was indeed ineffective in light of the aforementioned reasons.
In **Strickland v Washington, 466 U.S. 688, 80 L.Ed.2d 674,104 S.ct. 2052,**
the Supreme Court has established a two-prong test for ineffective assistance
of counsel. That 1) counsel's performance fell below an objective standard
of reasonableness and 2) that counsel's deficient performance prejudiced
the defendant resulting in an unreasonable, unreliable or fundamental unfair
outcome of the proceedings. **Id at 697.**

The attorney of record failed to effectively investigate this case because
had he done so, he would have found that 1) the government's misconduct was
overreaching and that; 2) the government created, engineered and directed
the criminal activity from beginning to the end, and that; 3) a jury instruction

-12-

on government overreaching, given as a defense theory, would have resulted
in a different jury verdict. The attorney's failure to object, investigate,
raise and argue the aforesaid issues , satisfies both prongs of the **Strickland**
test. The **Strickland's** objective reasonableness prong, requires counsel to
conduct appropriate factual and legal inquiries and to allow adequate time
for trial, preparation and development of defense strategies. **Sneed v Smith**,
**670 F. 2d 1348,1353 (1982)**; **Coles v Peyton, supra**, counsel must ordinarily
"investigate possible methods for impeaching prosecution's witness", and
in some instances failure to do so may suffice to prove a claim under **Strickland**.
The Supreme Court has made it clear that counsel's performance does not have
to be pervasively deficient, an isolated error is sufficient to constitute
a violation, if sufficiently egregious and prejudicial. **Murray v Carter**,
**477 U.S. 478, 91 L.Ed 2d 397, 413,106 S.ct. 2639 (1986)**. Thus, the attorney's
*performance in this case, was clearly not part of his sound trial strategy.*
**Strickland, supra.** Rather it was outside "the range of competence demanded
of attorneys in criminal cases". **Id 466 U.S. at 687, 80 L.Ed. 2d at 693**
**(citation omitted)**. Counsel's performance did not meet reasonable standards
and for his deficiency, there is a reasonable probability that the results
of the proceeding would have been different. Inasmuch as, it cannot be said
that had counsel investigated, objected and argued the aforesaid issue the
result would not have been different. Equally so, the same constitutes in-
effective assistance of counsel and the same must not be ignored.

   In light of the aforementioned argument, the Movant respectfully requests
and prays this Honorable Court to vacate and set aside his conviction and
remand for new trial or in the alternative, dismiss the indictment brought
against him on or about September 1997.

### IV.  Issue Four ( ExParte Communication)

   The Government contends that there was no error in the exparte communication
between the trial Judge and jury during deliberation in the Movant's case.
The facts that gives rise to this aspect of Gorham's motion are as follows:

   On November 21, 1997 the jury retired to deliberate after the Trial
Judge's instructions. During the course of the jury's deliberation,there
were several written communications between the jury and the Trial Judge.
It wasn't  until the Movant was afforded the opportunity to review his docket
sheet,did he realize that there was communication between the Judge and jury.

   Movant Gorham points out that the Court informed the jury in open Court,
that if there were any questions from them during their deliberations  he

would bring all parties back in and discuss the matters as to come to a conclusion.
(See Trial Tr. p.1387 Ln.14-18). [T]his, according to the record as well
as an explanation given to the Movant, via mail, by trial counsel as to the
content and location of the docket entries 204, 205, and 206, never took
place. (See **Exhibit #4**). To make the record straight as it pertains to Exhibit #4;
during the jury's deliberation the Movant was **not** in the Marshall's custody. In
fact, he was outside the Court praying with family and friends in the square.
It wasn't until after the jury's verdict was given did the Court order the
Movant to be placed in the custody of the U.S. Marshalls. Be that as it may,
Movant Gorham was not afforded the benefit of the fundamental protections
set out in the statute nor those set in the U.S. Constitution. (**Federal Rules
Crim. Proc. Rule 43(a) and 6th Amend. U.S. Const**). No notice was given to
the defense counsel or the Movant nor was their any mention of the Ex Parte
communications between the trial Judge and jury during deliberation which
could have been brought forth in open court prior to the verdict being announced.
In **Standard Alliance Ind. v. Black Clawson Co.**, 587 F.2d 813, 829 (1978),
the Court held that "under the circumstances, the presumtion of prejudicial
error cannot be rebutted. This alone would have required reversal..." The
Supreme Court has recognized that "[a]ny ex parte meeting or communication
between the judge and the foreman of a deliberating jury is pregnant with
possibilities for error." **United States v. United States Gypsum Co.**, 57 L.Ed.
2d 854 (1978). Accordingly, privy communications in the absence of counsel...
between a trial judge in chambers and a jury engaged in deliberations in
the jury room concerning **any matter implicated ever so remotely in the consideration
and decision of the case** are forbidden by the essentials of trial procedure
as imperiling, perhaps, the principles of due process. **Etheredge v District
of Columbia**, 635 A.2d 908,923 (1993). The Supreme Court has observed and
it is well established that,"the orderly conduct of a trial by jury, essential
to the proper protection of the right to be heard, entitles the parties who
attend for the purpose to be present in person or by counsel at all proceedings
from the time the jury is impaneled until it is discharged after rendering
the verdict." **Rogers v United States**, 45 L.Ed 2d 1 (1975) **quoting Fillippon
v Albion Vein Slate Co.**, 63 L. Ed 853,39 S.ct. 439 (1919).

It is the Movant's belief that because of the aforementioned argument
and citations of authority should this Honorable Court consider and review
those elements mentioned, as a whole, it would be in the fairness of justice
to set aside the Movant's conviction or remand for a new trial.

## V. Issue Five (Mitigating Role Reduction U.S.S.G.3B1.2)

The Government contends that there was no error made nor prejudice suffered
by the Movant as to his claim of Ineffective Assistance of Counsel as it
pertains to this issue at hand. Movant Gorham shows the following in support
of his claim.

Familiarity with the commentary and basic content of the Sentencing
Guidelines is an intrical part for trial counsel to give effective representation
during sentencing. **United States v. Soto,** 132 F.3d 56,59 (D.C. Cir. 1997),
**quoting United States v. Garivia,** 116 F.3d 1498, 1512 (D.C. Cir. 1997. Under
**Strickland v. Washington,** 466 US at 694 (1984), there is a reasonable probability
that the results of the proceedings would have been different, had counsel
not performed deficiently and that counsel's performance was unreasonable
and falls below the broad range of competence demanded of attorneys in criminal
cases. **(see also Matire v.Wainwright,** 811 F.2d 1430, 1435 (11th Cir. 1987).
In the instant case before the Court, Movant Gorham's Trial Counsel, William
Cox, failed to properly request a Mitigating Role Reduction in accordance
with U.S.S.G 3B1.2. Because of such, the Court agreed with the pre-sentencing
report's findings and sentenced the Movant to a term of 235 months imprisonment
and 5 years supervised release.

Counsel Cox's assistance reached a level of deficiency in which Gorham's
right to effective assistance of counsel afforded to him under the protections
of the 6th Amentment of the United States Constitution,when Mr. Cox failed
to properly raise U.S.S.G. 3B1.2 to the Court. The Courts have held that
in order to have this Court to consider the Movant's claim, he must show
1) cause for not raising the grounds at sentencing and 2) actual prejudice
because he could have received a maximum of 4 points reduced from his Guideline
level to a minimum of 2 points reduced from his Guideline level. If the
Sentencing Court would have granted this reduction under U.S.S.G. 3B1.2,
Gorham's sentencing level would have been set in a range of **32(121mnts-151mnts),
33**(135mnts-168mnts),or **34**(151mnts-188mnts).

The Movant's factual basis to support his assertion that he was least
culpable than other participants in the offense were stated throughout the
trial. All the Government's agents repeatedly stated that all transactions
and contacts were made with Keith **Coleman.** Movant Gorham's claims are supported
further by the testimony of Mr. Long (Probation Services). **(See Sent. Tr. p.7
Ln.8-13 and p.16 Ln. 11-13).** Mr. **Coleman** was paid and Mr. **Coleman** negotiated
all of the amounts of money that were to be paid. Through further testimony,

-15-

it was revealed that all monies received by **Coleman** were not paid to the
Movant. Furthermore, Movant Gorham had no knowledge that Mr. **Coleman** was
negotiating_ these meetings and making false statements, in particular their
military backgrounds. In fact, these allegations were later proven during
trial and by the Probation Officer, Mr Long at sentencing,to be false. (**Sent.
Tr. p.13 Ln. 25 and p. 14 Ln. 1-3.** The Movant did not make suggestions as
to the planning or scheduling of the operation, the Movant did not occupy
a managerial role in this sting operation, nor did the Movant aggressively
pursue anyone in want of more,supposedly,escort/protection assignments. More-
importantly, Gorham did not recruit anyone to join this scheme.

The **U.S.S.G.** section 3B1.2 holds that minimal participants may receive
a 4 level reduction, minor participants may receive a 2 level reduction and
those whose participation falls in between may receive a 3 level reduction.
The commentary to the Guidelines instructs that a 4 level reduction, "is
intended to cover defendants who are plainly among the least culpable of
those involved in the conduct of a group...[and their] lack of knowledge
or understanding of the scope and structure of the enterprise and of the
activities of others is indicative of a role as minimal participant." **U.S.S.G
3B1.2 comment(n,1).** The application note provides, for example, that a 4
level reduction would be appropriate for someone who played no other role
in a very large drug smuggling operation other than to off load part of a
single marijuana shipment, or in a case where an individual was recruited
as a courier fo a single smuggling transaction involving a small amount of
drugs. **U.S.S.G. 3B1.2 comment (n.2).** In contrast, a minor role in the offense
"means any participant who is least culpable than most other participants,
but whose role could not be described as minimal." **U.S.S.G. 3B1.2 comment
(n.3); United States v. Rodriguez DeVaron, 175 F.3d 930 (11th Cir. 1999).**
Movant Gorham contends that with respect to the commentary in 3B1.2 of U.S.S.G.,
the Court should have considered or should have been given the opportunity
to consider, whether the Movant was entitled to a minimal or minor role reduct-
ion. Gorham would not have been prejudiced if Counsel Cox would have simply
familiarized himself with the Sentencing Guidelines basic content. He could
have pointed out to the Sentencing Court the properly raised request under
3B1.2; if granted, would have resulted in his client, Movant Gorham, receiving
a much more adequate sentence based on the nature of this case. The Movant's
argument has merit and it is not lacking what the Government contends to
be procedurally barred or **"Issues Not Raised on Direct Appeal"**.

Movant Gorham now prays that this Honorable Court vacate, set aside

or remand the sentence in this matter in light of the aforementioned arguments.

## VI. Issue Six(Abuse of Postion of Trust USSG 3B1.3)

Counsel's failure to raise on direct appeal the sentencing court's erroneous finding that the Movant had abused his position of trust rendered counsel's assistance constitutionally defective. Counsel objected to the enhancement of the Movant's sentence based on the findings of the court, yet, he failed to address the issue on direct appeal. The objection could have been fully developed and argued with supportive facts and case law, on appeal, to show that the sentencing court had erroneously applied the Abuse of Trust Enhancement under U.S.S.G. 3B1.3. The Movant contends that the merits of the claim are valid enough, that if the Court of Appeals had been given an opportunity to review the claim, it would have resulted in a different outcome of the proceedings. The Supreme Court has held that Counsel's performance does not have to be pervasively deficient, an isolated error is sufficient to constitute a violation, if sufficiently egregious and prejudicial. **Murray v. Carter,** **477 U.S. 487, 106 S. Ct. 2639 (1986).** For counsel to object to the application of this particular enhancement at sentencing, but failed to advance the objection on appeal has caused prejudice to the Movant by not giving the Court of Appeals an opportunity to determine whether the sentencing court had erroneously applied the enhancement. Without this omission by counsel on appeal, the Movant's sentence would have had a different result. The Movant points out that the underlying issue here has merit and thus defeats the holdings of **United States v. Nyhuis, 211 F.3d at 1344,** which states, that counsel is not ineffective for failing to raise meritless issues on appeal. In the instant case, the Movant was a rookie police officer recruited by another officer to participate in a Government designed reverse sting operation. The Movant was convicted after a jury trial on charges of conspiracy to aid and abet the distribution of cocaine and 2 counts of attempt to aid and abet the distribution of cocaine, in violation of 21 U.S.C. 846, 841(a)(1) and 18 U.S.C. 2. At sentencing theMovant was sentenced to 235 months imprisonment partially as a result of a 2 level enhancement of Abusing a Postion of Trust under U.S.S.G. 3B1.3.

The Movant points out that the record is silent as to any action taken in actually abusing that positon of trust as a rookie police officer during the offenses to which [He] was charged with. In **United States v. Terry, 60 F.3d 1545 (11th Cir. 1995),** the defendant used his position as a police officer by being in uniform, in a mark patrol car, and by posting as a lookout

-17-

with his police radio to give early warning. In **United States v. Foreman**, 926 F.2d 792 (9th Cir. 1990), the defendant used her position of trust by showing her badge to other officers to avoid apprehension. In **United States v. Rehal**, 940 F.2d (1st Cir. 1991) [this is the case the sentencing court relied on in the PSI], the defendant a police officer used his position to alert co-conspirators to DEA investigation and to conceal his part in the conspiracy. Of the cases mentioned before you, all the defendants satisfied the application of 3B1.3. In contrast, **U.S. v. Long,**122 F.3d 1365,1366 (11th Cir. 1997), the court held,"that **Long** did not occupy a postion of trust as defined by section 3B1.3."The Government pointed out in **Long's** case that as an employee of the prison **Long** could enter the prison without being searched, thus allowing **Long** to bring cocaine into the prison. That showing alone was not enough to convince the Court of Appeals that **Long** had in fact and effect abuse his position of trust. In the instant case here, the Movant did not **"significantly"** facilitate in the efforts to commit the offenses. Movant did not use a police car, wear a police uniform, use a police radio, show his badge, alert anyone to an investigation and conceal his part in any conspiracy. Throughout the Movant's involvement in this reverse sting operation, the Movant used his personal vehicle, [with no markings as to reference of law enforcement], used his civilian clothes,which had no markings as to alert *anyone that the Movant was a police officer. By not showing his badge, the* Movant did not exercise any authority nor abuse his position. In fact the informant suggested the use of police radios, but the Movant, without hesitation said,"We can't use police radios."**See Trial Tr. pg 553 line 5-12.** The Movant further shows that he did not abuse his position of trust, because he did not alert anyone to an investigation and conceal his part in any conspiracy. Unlike **Long**, who actually carried cocaine into the prison. The Movant did not bring drugs into the reverse sting operation nor did the Movant indicate or suggest that he could provide the agents with drugs. The Commentary under U.S.S.G. 3B1.3 provides that: If the defendant abused a position of public or private trust or used a special skill, in a manner that significantly facilitated the commission or concealment of the  offense, increase by 2 *level. U.S.S.G. Manual 3B1.3 application note 1 further states that: The* Position of Trust must have contributed in some substantial way to facilitating the crime and not merely have provided and opportunity that could as easily been afforded to other persons. These planned scenerios could have easily been afforded to other persons. Tommy Bryant wanted to recruit a person other than a police officer and the government stated that, that person could not be used. **See Trial Tr. pg 180 line 10-22; pg 184 line 3-6; and pg 186 line 7-12.** The

-18-

Commentary further shows that in application note to section 3B1.3, "Private or Public Trust" refers to a position of public or private trust characterized by professional or managerial discretion. See also **United States v.West**, 56 F.3d 216,220 (D.C. Cir. 1995) (noting that "the commentary's focus on positions characterized by professional or managerial discretion places a significant limit on the types of positions subject to the abuse-of-trust enhancement"). To the extend that Gorham had any discretion in carrying out his duties as a police officer, the government has failed to demonstrate Gorham exercised that discretion. Instead, the government points to the fact that, simply because as a rookie police officer, Gorham could facilitate the commission of the crime.The Police department extended this same level of trust to all department employees. The Movant's position as a police officer did not contribute to this offense at all. It was only one of the preconditions set by Government's Agents as part of their planned scenerio. Furthermore, the Movant was not challenged to see if he would in fact abuse his position of trust at any stage of the planned scenerios. In **United States v. Gould**, 983 F.2d (7th **Cir. 1993)**, the court stated that, the fact that **Gould** was a police officer **cannot**, in and of itself, trigger the application of section 3B1.3.

The application note cited above indicates that section 3B1.3 simply does not extend to every employment situation. The Movant was a rookie police officer still on probation with less than a year on the force; and therefore didnot exercise any professional or managerial discretion. In conjunction with the government's failure to show any evidence of any kind, other than the fact the Movant was employed as a police officer fresh out of rookie school, does not in itself cause for the enhancement of 3B1.3. As a result of Movant's trial attorney's ineffectiveness by not raising this objection on appeal under section 3B1.3, Movant Gorham was sentenced at a level 36 under U.S.S.G. Table, set at a range of 188 to 235 months imprisonment. The sentencing court sentence Gorham to 235 months. If the Appeals Court would have been given the opportunity to consider the Movant's objection and ruled in his favor, the sentence would have been different. The Movant's Guideline Range would have been a level 34, range of 151 to 188 months. Should this Honorable Court grant re-sentencing, the Movant's sentence would be 188 months if the court sentence him in the same manner as initially.

Movant Gorham now prays that this Honorable Court vacate, set aside or remand the sentence in this matter in light of the aforementioned argument Citations of Authority.

## CONCLUSION

Based on all of the aforementioned arguments and citations of authority mentioned throughout this Traverse, the Movant respectfully requests this Honorable Court to vacate, set aside, or remand his sentence or conviction. The Movant further requests this Honorable Court to view this motion and any of its issues in light of any new rule of law that may take effect pending this Court's ruling, that may be favorable to the Movant and any other proceedings this Court finds to be in the interest of justice, as being Deemed,Just and Proper.

Respectfully submitted,

Frederick Gorham Pro-Se
#09593-021
Federal Medical Center
P.O. Box 1600
Butner, NC 27509

# WILLIAM O. COX, P.C.
### ATTORNEY AT LAW
### 123 E. Liberty Street
### Savannah, GA 31401

### (PH)912-233-3804
### (FX)912-233-3805

July 14, 2000

Fredrick Gorham
Ref. No. 09593-021
P.O. Box 999
L.S.C.I.
Butner, NC 27509

Dear Mr. Gorham:

After receiving your inquiry of July 3, 2000, we went to the District Court clerk's office. The case no. here on your case is CR497-181 and the exhibits that I believe you are talking about are numbers 205 and 206. Unfortunately, the clerk's office here was unable to locate those notes and referred us to the Court of Appeals. We contacted the Court of Appeals and they do not have those original notes. For that reason I am unable to obtain a copy to forward to you, however, you may write to the clerk's office here referring to that case number and docket numbers to obtain some official explanation of their absence.

The Judge's normal procedure upon receiving a question from the jury is to call the attorneys to the bench or into his chambers, discuss it with us and if we have any objection or comments, listen to those prior to making any response. These are normally technical or procedural questions that the court can not give them answers to. Since you were in custody and to my recollection at that time back up in the Marshall's office, some procedural or technical question like that would normally not be discussed unless it was something of substance. I hope this is helpful to you in your inquiry.

Very Truly Yours,

William O. Cox

William O. Cox

WOC/kw

# EXHIBIT #4

## PLEA FOR LIBERAL CONSIDERATION

Movant Gorham respectfully moves the Honorable Court to GRANT all liberal considerations with respect to this action pursuant to HAINES v KERNER, 404 U.S. 519, 30 L.Ed 2d 652, 92 S. Ct. 594, as Movant is not an attorney, and has not attended any law school, nor has any professional training with respect to the filing of legal pleadings.

Respectfully submitted,

FREDERICK GORHAM #09593-021
FEDERAL MEDICAL CENTER
P.O. BOX 1600
BUTNER, NC 27509

## CERTIFICATE OF SERVICE

I, **Frederick Gorham**, swear I have deposited into the U.S. Postal box
at Federal Medical Center Butner, N.C., copies of the enclosed Motion for
the named party:

                1. Mr. Carlton R. Bourne Jr.
                   Assistant U.S. Attorney
                   P.O. Box 8999
                   Savannah, GA 31412

This 23rd day of January 2001 .

I also request a stamped filed copy be sent to me in the self-addressed
stamped envelope enclosed herein.

Respectfully submitted,

Frederick Gorham   Pro-Se
#09593-021
Federal Medical Center
P.O. Box 1600
Butner, N.C. 27509