# ORIGINAL

FILED
U.S. DIST. COURT
SAVANNAH DIV

Feb 14 4 01 PM '01

CLERK _____
SO. DIST. OF GA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | | |
|---|---|---|
| **FREDERICK GORHAM** | ) | **CV400-276** |
| | ) | **(underlying CR497-181)** |
| **v.** | ) | **appeal no. 98-8154** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

## GOVERNMENT'S RESPONSE TO GORHAM'S
## AMENDED 28 U.S.C. § 2255 MOTION

COMES NOW the United States of America, by and through Harry D. Dixon, Jr., United States Attorney for the Southern District of Georgia, and files this response in opposition to Gorham's amended § 2255 motion. For the following reasons, Gorham's motion should be denied.

1. In his motion to amend his § 2255 motion, Gorham contends that the charge of attempt to aid and abet the distribution of a controlled substance is inappropriate where the actual perpetration of the principal offense (cocaine distribution) did not occur. Gorham also argues that the charge of conspiracy to aid and abet the distribution of a controlled substance cannot apply where government agents are the only alleged distributors.

2.    Absent extraordinary circumstances, the Court is precluded from considering claims in a § 2255 motion which were raised and rejected on direct appeal. Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); Edwards v. United States, 795 F.2d 958, 961 (11th Cir. 1986); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981); United States v. Greer, 600 F.2d 468, 469 (5th Cir. 1979); Kastenbaum v. United States, 588 F.2d 515, 517-18 (5th Cir. 1978); Vernell v. United States, 559 F.2d 963, 964 (5th Cir. 1977).

3.    On direct appeal, Keith Coleman, Gorham's codefendant, raised substantially these same issues. Specifically, Coleman argued unsuccessfully on direct appeal that he could not be prosecuted as a principal under 18 U.S.C. § 2 for attempting to aid and abet in the distribution of a controlled substance because he could not aid and abet the government in committing a crime. In considering Coleman's § 2255 motion (CV400-54), which also raised this issue, the Court found that the appellate court's consideration of this issue presented a procedural bar to the Court's ability to address the issue in Coleman's § 2255 motion. Coleman's R&R, pp. 6-7. The Court also considered and rejected Coleman's argument that charges of attempt to aid and abet in the distribution of a controlled substance were invalid

absent the involvement of a principal, non-government distributor. Coleman's R&R, pp.7-8, n.2. The Court found this argument procedurally barred and without merit. Id. The Court should make this same finding as to Gorham in the instant case.

4. Because the issues raised by Gorham in his amended § 2255 motion are without merit, counsel cannot be said to have been ineffective for failing to raise the issues on direct appeal. Nyhuis, 211 F.3d at 1344. No error has been shown.

WHEREFORE, the government respectfully requests that this Court issue an Order denying Gorham's amended 28 U.S.C. § 2255 motion, and for such other relief the Court deems appropriate in this case.

Respectfully submitted,

HARRY D. DIXON, JR.
UNITED STATES ATTORNEY

Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the government's response in opposition to Frederick Gorham's amended 28 U.S.C. § 2255 motion has been mailed to:

> Frederick Gorham, Inmate Reg. No. 09593-021
> Federal Medical Center
> Post Office Box 1600
> Butner, NC 27509

This ___14th___ day of February, 2001.

HARRY D. DIXON, JR.
UNITED STATES ATTORNEY

Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

U. S. Attorney's Office
100 Bull Street, Suite 201
Savannah, GA 31401
(912) 652-4422