ORIGINAL

FILED
U.S. DIST. COURT
SAVANNAH DIV
MAR 5 3 00 PM '01
CLERK
SO DI

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| FREDERICK GORHAM<br>(MOVANT) | )<br>)<br>)<br>) | CASE NO: CV 400-276<br>(underlying CR497-181 |
| V. | )<br>) | appeal no: 98-8154) |
| | )<br>) | |
| UNITED STATES OF AMERICA<br>(RESPONDENT) | )<br>)<br>) | |

## MOTION IN REPLY TO GOVERNMENT'S RESPONSE TO GORHAM'S SUPPLEMENTAL 28 U.S.C. § 2255 MOTION

COMES NOW, the Movant, **Frederick Gorham**, appearing Pro-Se, to reply to the Government's opposition to his Supplemental Motion to vacate, set aside or correct the judgment pursuant to 28 U.S.C. § 2255, claiming that the Government's opposition is without merit, for the following reasons:

I. Movant's supplement to the motion to vacate, set aside, or correct the sentence, argues that he was denied the effective assistance of counsel at trial, as guaranteed by the 6th Amendment when, (1) counsel failed to request specific jury instructions on the law of conspiracy theory as it relates to whether or not an individual can form an agreement with a government agent, and (2) counsel's failure to object to the trial Court's erroneous instructions of aiding and abetting (18 U.S.C. § 2) and distribution (21 U.S.C. § 841(a)(1)).

II. The government, in its opposition, misapplies the factual significance of Movant's supplemental argument, and thus, incorrectly requests the district Court to bar Movant's supplemental argument for procedural reasons.

17

## A. THE DISTRICT COURT IS NOT PRECLUDED FROM CONSIDERING CLAIMS IN A § 2255 MOTION WHICH WERE RAISED AND REJECTED ON DIRECT APPEAL.

Ordinarily, a prisoner's initial § 2255 motion may be dismissed if it raises claims that were previously decided on direct appeal. **United States v. Santiago**, 993 F.2d 504 (5th Cir. 1993). However, an exception to this rule will be made if the Movant relies on an intervening change in the law or newly discovered evidence. **Underwood v. United States**, 15 F.3d 16 (2nd Cir. 1993). Or, when there has been a complete miscarriage of justice. **Brecht v. Abrahamson**, 507 U.S. 619, "[where] there is a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." **Reed v. Farley**, 512 U.S. 399; but see, **United States v. Ferguson**, "[where] there is a Constitutional error that had a substantial and injurious effect or influence on the procedure".

The complete miscarriage of justice standard is applicable to § 2255 challenges under the 'savings clause' made on the grounds that the sentence is illegal, or otherwise subject to collateral attack. **Harmalin v. Michigan**, 501 U.S. 957 "(not legitimate expectation to finality in an illegal sentence)"; **Jones v. Thomas**, 491 U.S. 376; **Miller v. Florida**, 482 U.S. 423 "(defendant cannot confer on the court authority to impose or not impose an illegal sentence)". And, **Stone v. Powell**, 478 U.S. 465, "(expectation of Federal Habeas Corpus jurisdiction with regard to illegal sentence)"; **Smith v. Murray**, 477 U.S. 527 (1986) (procedural default excused when a Constitutional violation has probably resulted in the conviction of an innocent person).

A district Court may entertain claims that were previously raised and rejected if a defendent can show plain error. **United States v. Colon-Pagan**, 1 F.3d 80 (1st Cir. 1993), (plain error when court gave erroneous jury instruction on reasonable doubt); **United States v. Birdal**, 62 F.3d 456 (2nd Cir. 1995),(plain error when court misstated law on reasonable doubt); **United States v. Retos**, 25 F.3d 1220 (3rd Cir. 1994), (jury instructions erroneous amounting to plain error); **United States v. Garza**, 42 F.3d 251 (5th Cir. 1994), (plain error when instruction allowed jury to convict without proof that defendant knew his conduct was illegal when such knowledge is element of offense); and **United States v. Brown**, 996 F.2d 1049 (10th Cir. 1993), (plain error when trial Court failed to instruct jury of inability to convict

defendant on counts of both theft and possession of stolen goods).

Finally, a defendant may seek review of a claim previously asserted if, new or additional grounds are alleged. **United States v. Palumbo, 608 F.2d 529 (3rd Cir. 1979)**, (allowing exception to rule when claim supported by new facts); **Sanders v. United States, 373 U.S. 1 (1963)**, (test to determine whether prior claims are subject to dismissal).

Here, Movant Gorham presents a claim not heretofore presented. Even if Movant had raised the claim previously, [which he did not], Movant would still be entitled to review of that claim because there was a Constitutional error that had a substantial and injurious effect on the procedure, resulting in a complete miscarriage of justice.

### B. MOVANT'S CLAIMS HAVE NOT BEEN RAISED 'BY HIM' IN A PRIOR PROCEEDING

On, docket no. 98-8154, appeal to the 11th Circuit Court of Appeals, Movant Gorham raised the following issues:

1) District Court erred in calculating quantity of cocaine attributed to defendant.

2) District Court erred in not granting downward departure pursuant to U.S.S.G. § 2D1.1(b)(6) [acceptance of responsibility].

3) Selective Prosecution.

4) District Court erred in jury selection (deselection) of alternate jurors following trial.

In the immediate § 2255 motion, docket no. CV400-276, Movant raises:

1) In light of new change in law, the district Court erred in sentencing the Movant to elements not charged in the indictment.

2) Ineffective Assistance of Counsel because trial counsel failed to properly object to the erroneous findings and application of contraband attributed to the Movant at sentencing pursuant to Note 12 of U.S.S.G. § 2D1.1.

3) Ineffective Assistance of Counsel because trial counsel failed to investigate, file pretrial motion to dismiss indictment and/or request jury instruction based on Government Over-reaching/ Misconduct.

4) Trial Judge's Ex Parte communication with jury during deliberation violated Movant's Constitutional and Statutory Rights.

5) Ineffective Assistance of Counsel because trial counsel failed to properly raise the issue of a downward adjustment of Movant's sentence under U.S.S.G. § 3B1.2 as a minimal minor participant.

6) District Court erred in finding the Movant abused a position of trust pursuant to U.S.S.G. § 3B1.3.

7) Ineffective Assistance of Counsel because appeal counsel failed to raise issue on direct appeal of district Court's erroneous findings, in relying on the ambiguous state of the PSI, by attributing the entire amount of cocaine involved in each scenerio of the reverse sting without making an individual finding.

8) Supplemental Motion: Ineffective Assistance of Counsel because trial counsel failed to object to the trial Court's erroneous jury instructions as to aiding and abettting (18 U.S.C. § 2 and distribution (21 U.S.C. § 841(a)(1) and counsel failed to request an instruction clarifying that in order convict the Movant, someone else other than a Government agent or an 'aider and abetter', had to commit the substantive offense.

Clearly, the claims raised by Movant Gorham on appeal are separate and distinct from the claims Movant raises in his § 2255 motion.

## C. MOVANT'S CLAIMS ARE NOT BARRED BY A COLLATERAL PROCEEDING WHERE NO RELEVANCE IS SHOWN

The government contends that "[Keith] Coleman, Gorham's codefendant, raised substantially these same issues. Specifically, Coleman argued unsuccessfully on direct appeal that he could not be prosecuted as a principal under 18 U.S.C. § 2 for attempting to aid and abet in the distribution of a controlled substance because he could not aid and abet the government in committing a crime."

Keith Coleman's argument goes directly towards the sufficiency of the evidence, whereas, Movant Gorham argues that he suffered ineffective assistance of counsel, for counsel's failure to request certaim jury instructions and object to others. These issues are **not** substantially the same, they are substantially 'dissimilar'.

"[The] Court also considered and rejected Coleman's argument that charges of attempt to aid and abet in the distribution of a controlled substance were invalid, absent the involvement of a principal non-government distributor." The Court found this argument procedurally barred and without merit.

In the case at bar, Movant Gorham raises substantially, a Constitutionally protected right to the effective assistance of counsel, claiming, that counsel's performance fell below an objective standard of reasonableness and that not for counsel's deficient performance, a different outcome of the proceedings would have been realized. **Strickland v. Washington, 466 U.S. 688 (1984).**

Here, Movant Gorham specifically claims that counsel's failure to request certain jury instructions denied him a fair trial, because once the jury instructions had been issued, his certain instructions were forever lost. **United States v. Mitchell, 49 F.3d 769 (D.C. Cir. 1995)** (review of jury charge waived when defendant failed to object to omission in instruction at trial); **United States v. Flores, 63 F.3d 1342 (5th Cir. 1995)**(same); and **United States v. Starke, 62 F.3d 1374 (11th Cir. 1995)**,(same).

A criminal defendant has the right to have the jury instructions on his theory of defense, separate and apart from instructions given on the elements of the charged offense. **United States v. Opdahl, 930 F.2d 1530 (11th Cir. 1991).** A trial Court may not refuse to charge the jury on a specific defense theory where the proposed instruction presents a valid defense and where there has been some evidence adduced at trial relevant to that defense. **United States v. Middleton, 690 F.2d 820 (11th Cir. 1982) cert denied, 460 U.S. 1051, 103 S.Ct. 1497, 75 L.Ed.2d 929 (1983).** The trial Court 'is not free' (emphasis added) to determine the existence of such a defense as a matter of law. Id. The threshold burden is extremely low. A defendant 'is entitled' (emphasis added) to have presented instructions relating to a theory of defense for which there is 'any foundation' in the evidence. **Perez v. United States, 297 F.2d 12 (5th Cir. 1961).** In deciding whether a defendant has met his burden, the Court is obliged to view the evidence in light most favorable to the accused. **United States v. Williams, 728 F.2d 1402 (11th Cir. 1984).**

Movant Gorham contends that counsel erred in failing to request certain jury instructions, requiring the jury to acquit him of the conspiracy count

if it found he did not have an illegal agreement with anyone other than a
government agent (informant), and that one cannot conspire with an aider
or abetter who does not maintain a position of authority on the theory of
accomplice and vicarious liability.

Movant Gorham further contends that he was entitled to the certain jury
instructions as a matter of law, because there was sufficient evidence in
which a reasonable minded juror could confer to acquit. Viewing the evidence
in light most favorable to the accused establishes:

1) That each defendant was charged with aid and abetting a government
agent or informant and/or aiding and abetting each other as aiders and abetters.

2) Trial evidence further established that defendant I (Coleman),
arranged a meeting between defendants II (London) and III (Gorham), without
agreement or consent of defendants II (London) and III's (Gorham) participation
in the instant offense. ( See **Trial Tr. pp. 781 Ln. 20 thru p. 791 Ln. 1-
5--- p. 512 Ln. 9-25 / p. 513 Ln. 1-21).** Defendants II (London) and III
(Gorham), without agreement between themselves, independently, formed an
agreement with the government agent (informant). Defendant I (Coleman), did
not share or otherwise participate in the negotiations between defendants
II (London) and III (Gorham) and the Government agent (paid informant). (See
**Trial Tr. p. 535 Ln. 25 / p. 536 Ln 1-3, 17-25 / p. 537 Ln. 1-25 / p. 538
Ln. 1-11).** At all times thereafter, defendants I(Coleman), II (London), and
III (Gorham) acted independently of each other, upon separate agreements
to collectively perform tasks as instructed by the government agent/ informant.

Thus, a vicarious liability existed between the defendants. The vicarious
relationship demanded a special jury instruction as to how a defendant could
be guilty of conspiracy to distribute a controlled substance as an aider
and abetter, when the only agreement in existence was that maintained with
a government agent.

In **United States v. Bancalari, 110 F.3d 1425 (9th Cir. 1997)** the Appellate
Court held: "[Any] person who aids, abets, counsels, commands, induces or
procures the commission of a crime is punishable as a principal. 18 U.S.C.
§ 2(a). To be convicted of aiding and abetting, the jury must find beyond
a reasonable doubt that defendant knowingly and intentionally aided and abetted

the principals in each essential element of the crime." quoting, **United States v. Dinkane**, 17 F.3d 1192 (9th Cir. 1994).

Thus, in order to be convicted of aiding and abetting (the government principals) § 841(a)(1) violation, defendants must have 'knowingly' and 'intentionally' aided and abetted the conspiracy to distribute controlled substances.

The instructions given by the trial Court would have permitted the jury to convict defendants if they 'simply' acted under the direction or control of another person in the commission of a crime.

Movant Gorham argues that the jury instructions are fatally flawed in several respects: (1) because the jury instructions as to aiding and abetting omit 'knowing' and 'intentional' as essential elements thus lowering the government's burden of proof; (2) because the evidence establishes the need for a special instruction as to vicarious liability; and (3) because defendants shared an agreement with any person other than a government agent, pursuant to **United States v. Edwards, No. 97-4896 (11th Cir. 1999)**.

To sustain a jury instruction for aiding and abetting, the court must set forth the proper requisite mens rea-- establishing the elements of the crime. Here, the court failed to do so.

Here, had counsel made the request for certain jury instructions, the district Court would have been bound to accept and issue those instructions. **United States v. Camejo**, 929 F.2d 610 (11th Cir. ) cert denied 502 U.S. 880, 112 S.Ct. 228, 116 L.Ed.2d 185 (1991).

The purpose of jury instructions is to instruct the jury clearly regarding the law to be applied in the case. **United States v. Ribaste, 905 F.2d 1140 (8th Cir. 1990)**. without instructions as to the law, the jury becomes mired in a factual morass, unable to draw the appropriate legal conclusions based on those facts. In this case, the general instructions on the law failed to instruct the jury clearly that it may not convict Movant Gorham and the other defendants for aiding and abetting each other without a principal, or that one cannot conspire with a government agent.

In **Stricklan v. Washington, 466 U.S. 688 (1984)**, the Supreme Court has identified a narrow category of cases in which prejudice is presumed. The presumption applies when there has been an 'actual' or 'constructive' denial

of the assistance of counsel altogther. **Id**. at 692. Claims concerning omitted jury instructions are indicative of an actual denial of counsel altogether. See, e.g., **Gray v. Lynn,** 6 F.3d 265 (5th Cir. 1993), (counsel's failure to object to erroneous jury instructions ineffective assistance); **Kubat v. Thierct,** 867 F.2d 351 (7th Cir. 1989),(same); and **Kinnamon v. Scott,** 33 F.3d 462 (5th Cir. 1994), ( failure to request jury instructions on lesser included offense ineffective assistance).

Trial counsel Cox's failure to request certain jury instructions-- when sufficient defense evidence was presented-- is ineffective assistance of counsel for **Strickland,** purposes. Movant Gorham did not receive a fair trial and the results of the proceedings would have been different. Namely, the certain jury instructions would have been tendered.

III. As fully demonstrated in subsection C of part II, Movant did suffer a Sixth Amendment right to the effective assistance of counsel, for counsel's failure to raise, substantially, a request for certain jury instructions. See, e.g., **Gray v. Lynn,** 6 F.3d 265 (5th Cir. 1993) and **Kubat v. Thieret,** 867 F.2d 351 (7th Cir. 1989).

IV. Section 2255 of title 28, provides four grounds that justify relief; (1) that the sentence was imposed in violation of law; (2) that the Court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack.

Violations of Federal law are generally cognizable only if they involve a fundamental defect causing a miscarriage of justice. **Davis v. United States,** 417 U.S. 333 (1974); **Hill v. United States,** 368 U.S. 424 (1962) accord, § 2255 Rules, note 1, Rule 1 advisory Committee's note.

Here, counsel's failure to raise, substantially a request for certain jury instructions where sufficient evidence arose, is a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice. **Singleton v. United States,** 26 F.3d 233 (1994), (erroneous jury instruction

cognizable under § 2255 motion).

## V. MOVANT HAS RAISED A SUBSTANTIAL ISSUE

Claims alleging ineffective assistance of counsel are cognizable under § 2255 motion. **McMann v. Richardson**, 397 U.S. 759 (1970), (the Sixth Amendment guarantees the right to effective assistance of counsel in criminal proceedings). To obtain reversal of a conviction a defendant must subscribe to a test established in **Strickland v. Washington**, 466 U.S. 668 (1984) and, the proper vehicle to raise ineffective assistance of counsel claims are in a § 2255 motion. **United States v. Matos**, 905 F.2d 30 (1990), (claim of ineffective assistance of counsel is best suited on a § 2255 motion); **United States v. Wallace**, 32 F.3d 921 (5th Cir. 1994),(same); **United States v. Camacho**, 40 F.3d 349, 353 (11th Cir. 1994), (same); **United States v. Andrews**, 953 F.2d 1312, 1327 (11th Cir. 1992), (same); and **United States v. Young**, 20 F.3d 758 (1994), (same).

Further, where counsel has failed to request certain jury instructions, or object to others, Movant is entitled to relief under §2255 motion. **Gray v. Lynn**, 6 F.3d 265 (5th Cir. 1993).

## VI. AN EVIDENTIARY HEARING IS WARRANTED

In **Townsend v. Sain**, 372 U.S. 293 (1963), the Supreme Court held that an evidentiary hearing is 'mandatory' when: (1) the merits of the dispute were not resolved in a prior proceeding;... (5) the material facts were not adequately developed;... or (7) the petitioner was otherwise denied due process of law... After review of the earlier proceedings and examination of the record, a district Court judge must determine whether an evidentiary hearing is required. **United States v. Briggs**, 939 F.2d 222 (5th Cir. 1991). The judge need not grant an evidentiary hearing if the judge can adequately supplement the record through his recollection. **United States v. McGill**, 11 F.3d 223 (11th Cir. 1993).

In the present matter, an evidentiary hearing is warranted because the merits of Movant's claim are in dispute, not factually developed upon the record, are outside the present record, and otherwise deny him due process

of law. See, e.g., accord **Townsend,** 372 U.S. at 318. **Rhoden v. Rowland,** 10 F.3d 1457 (1993), (petitioner entitled to evidentiary hearing to develop record); **Virgin Island v. Weatherwax,** 20 F.3d 572 (3rd Cir. 1994), (petitioner entitled to ineffective assistance of counsel claim); **United States v. Magini,** 973 F.2d 261 (4th Cir. 1992), (petitioner entitled to evidentiary hearing when material facts beyond record); **United States v. Briggs,** 939 F.2d 222 (5th Cir. 1991), (same); **Stoia v. United States,** 22 F.3d 766 (1994), (petitioner entitled to evidentiary hearing when alleged facts, if proven, entitle him to relief); **Shaw v. United States,** 24 F.3d 1040 (1994), ( petitioner entitle to hearing on claim of ineffective assistance of counsel); and **United States v. Blaylock,** 20 F.3d 1458 (1994), (same).

## VII. THE GOVERNMENT HAS FAILED TO ESTABLISH THAT NO RELIEF IS WARRANTED

In the government's opposition motion, the government has failed to establish that no relief is warranted. A moving party requesting summary judgment must establish that the opposing party does not have any genuine issues of material fact, or that the issues are not in dispute, or that the records and files could resolve any factual disputes amongst the parties.

Here, the government fails to meet its burden because the government does not raise any opposition to the substantive arguments. The government's only contention is that of procedural bar which is meritless.

Thus, the government has waived any and all other claims to oppose said motion. Accordingly, the government has not established a proper claim for summary judgment.

Further, Movant Gorham requests proof of Carlton R. Bourne Jr.'s certification to practice law in the state of Georgia, pursuant to 7 **Am Jur. 2d** §§ 12-24. Should Mr. Bourne not be able to prove his bar in the state of Georgia, (or a pro hac vice waiver) then Gorham would request the district Court to dismiss all of the Government's motion(s) filed by Mr. Bourne and grant his § 2255 relief.

## VIII. CONCLUSION

WHEREFORE, Movant Gorham respectfully requests that this Honorable Court grant the relief sought in his Supplemental Motion under 28 U.S.C. § 2255, filed pursuant to Fed. R. Civ. Proc. Rule 15, or call for what ever other proceeding as deemed just and proper.


Dated this 28th day of February 2001.

Respectfully submitted,

Frederick Gorham, Pro-se
#09593-021
Federal Medical Center
P.O. Box 1600
Butner, N.C. 27509

## PLEA FOR LIBERAL CONSIDERATION

Movant Gorham respectfully moves the Honorable Court to **GRANT** all liberal considerations with respect to this action pursuant to <u>**HAINES V. KERNER**</u>, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594, as Movant is not an attorney and has not attended any law school, nor has any professional training with respect to the filing of legal proceedings.

Respectfully submitted,

*[signature]*

Frederick Gorham, pro-se
#09593-021
Federal Medical Center
P.O. Box 1600
Butner, N.C. 27509

# CERTIFICATE OF SERVICE

I, <u>Frederick Gorham</u>, swear I have deposited into the U.S. Postal box at Federal Medical Center Butner, N.C., copies of the enclosed Motion for the below named party:

    1. Mr. Carlton R. Bourne, Jr.
       Assistant U.S. Attorney
       P.O. Box 8999
       Savannah, Georgia 31412

This 28th day of February 2001.

I also request a stamped filed copy be sent to me in the self addressed stamped envelope enclosed herein.

                                            Respectfully submitted,

                                            Frederick Gorham, Pro-se
                                            #09593-021
                                            P.O. Box 1600
                                            Butner, N.C. 27509