ORIGINAL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| FREDERICK GORHAM, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV400-276 |
| ) | [CR497-181] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. For the following reasons, the Court recommends that the motion be DENIED.

## I. BACKGROUND

On January 28, 1998, movant was convicted of one count of conspiracy to aid and abet in the distribution of cocaine and two counts of attempt to aid and abet in the distribution of cocaine. The district judge sentenced movant to 235 months in prison. Movant appealed the conviction and

sentence, and the Eleventh Circuit summarily affirmed both on October 13, 1999 in an unpublished ruling. (11th Cir. No. 97-9368).

Movant filed the present § 2255 motion on October 11, 2000. Movant asserts (1) that elements of his offense were not charged in his indictment in violation of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000); (2) that his counsel was ineffective for failure to object to contraband attributed to movant; (3) that his counsel was ineffective for failing to file a pretrial motion to dismiss the indictment, or request a jury charge, based on government misconduct; (4) that the district judge made inappropriate ex parte communications with the jury during deliberations; (5) that his counsel performed ineffectively in failing to raise the issue of downward adjustment under U.S.S.G. § 3B1.2; (6) that the district judge wrongly applied an upward adjustment for abuse of position of trust; (7) that his counsel performed ineffectively in failing to raise on appeal the movant's drug quantity attribution; (8) that a charge of attempt to aid and abet is inappropriate where the actual perpetration of the offense did not occur; and (9) that the charge of conspiracy to aid and abet cannot lie where government agents are the only alleged distributors.

2

## II. ISSUES PROCEDURALLY BARRED

Absent extraordinary circumstances, this Court is precluded from considering claims in a § 2255 motion which were raised and rejected on direct appeal. Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); Edwards v. United States, 795 F.2d 958, 961 (11th Cir. 1986); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981); United States v. Greer, 600 F.2d 468, 469 (5th Cir. 1979); Kastenbaum v. United States, 588 F.2d 138, 139 (5th Cir. 1979); Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978); Vernell v. United States, 559 F.2d 963, 964 (5th Cir. 1977); 3 Charles A. Wright, Federal Practice and Procedure § 593 n.26 (2d ed. 1982). The record indicates that issues (2), (3), and (7) of this motion were presented by movant and decided on appeal.[1] Additionally, issues (8) and (9) were raised

---

[1] Movant was represented by the same counsel on appeal as at trial, and thus did not raise these issues in the context of an ineffective assistance of counsel claim. Nevertheless, the appellate court did rule on the underlying issues on appeal. See App. Brief at 7-9, 12-13. Even where, as in movant's ground of failure to object to drug quantities at trial, it is conceivable that the appellate court applied a plain-error analysis because of the failure to object, the standard of review in a § 2255 motion, cause and prejudice that must result in a miscarriage of justice, is greater than the plain error standard. See Tallman v. United States, 465 F.2d 282 (7th Cir. 1972) (holding plain error insufficient ground for relief in § 2255 motion where error did not result in

3

on appeal by Keith Coleman, movant's codefendant. The Eleventh Circuit rejected Coleman's arguments, which mirror those of movant, surrounding the issues.[2] See Coleman v. United States, CV400-54, at 6-7 (S.D. Ga. 2001) (rejecting Coleman's § 2255 claim on same issues because of procedural bar). This Court is not at liberty to reconsider these issues.

## III. APPRENDI v. NEW JERSEY

Movant cites Apprendi v. New Jersey, 530 U.S. 466 (2000), as support for the proposition that his sentence was illegally enhanced by the district judge. Under Apprendi, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

---

miscarriage of justice). Thus, if a drug quantity objection failed on appeal where a plain-error analysis is applied, the issue must also fail in a § 2255 motion where the greater showing of actual prejudice is required.

[2]The Court notes that even if Coleman's presentation of these arguments on appeal does not procedurally bar his codefendants from raising the issues in a collateral motion, movant would nevertheless be unable to satisfy the requirements of United States v. Frady, 456 U.S. 152, 167 (1982). Frady requires a movant to show both cause and prejudice for failure to raise an issue on direct appeal. The Eleventh Circuit's rejection of Coleman's arguments on these grounds leads the Court to find that movant's failure to raise these grounds did not prejudice the outcome of his appeal, even if ineffective assistance of counsel would satisfy the "cause" prong of Frady under Strickland v. Washington, 466 U.S. 668, 687 (1984); see Section V, infra (discussing Strickland).

4

doubt." Id. at 2362-63. This Court has determined previously that Apprendi is available for collateral application in an initial § 2255 proceeding.

Movant argues that his indictment failed to include factors used by the district judge to enhance movant's offense level. Specifically, movant argues that his indictment failed to specify the quantity of drugs used by the district judge to calculate movant's sentence. Under Apprendi, drug quantity should be included in the indictment and evaluated by the trier of fact. Id. Movant also asserts that the dangerous weapons enhancement under U.S.S.G. § 2D1.1(b)(1), as applied in the calculation of his sentence, violates Apprendi.

According to the Eleventh Circuit, however, "there is no error, plain or otherwise, under Apprendi where the term of imprisonment is within the statutory maximum set forth in § 841(b)(1)(C) for a cocaine offense without regard to drug quantity." United States v. Gerrow, 232 F.3d 831 (11th Cir. 2000); accord United States v. Angle, 230 F.3d 113 (4th Cir. 2000); United States v. Doggett, 230 F.3d 160 (5th Cir. 2000); United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir. 2000). A 20-year statutory maximum

sentence applied to movant's conviction without regard to drug quantity or the weapons enhancement. Movant received a sentence of 235-month sentence, less than the statutory maximum. Thus, movant's <u>Apprendi</u> claim fails with regard to both the drug quantity calculation and the weapons enhancement. <u>See</u> <u>United States v. Nealy</u>, 232 F.3d 825 (11th Cir. 2000) (finding <u>Apprendi</u> inapplicable to sentencing guidelines determinations where sentence does not exceed statutory maximum).

## IV. COMMUNICATIONS WITH JURY

Movant, citing docket entries 204, 205, and 206, argues that the district judge improperly engaged in ex parte communications with the jury. The documents cited by movant include a note from the jury foreman informing the district judge that certain items of evidence were not included among the items submitted to the jury for deliberation, a note from the district judge to the jury indicating that the jury is not authorized to view evidence not already in the jury room, and a note from the district judge inquiring as to whether the jury prefers to deliberate further or retire and return the following morning. The Court does not find these

communications between the district judge and the jury to be inappropriate ex parte communications.

## V. MITIGATING ROLE REDUCTION

Movant next claims that his counsel was ineffective for failure to request a mitigating role reduction under U.S.S.G. § 3B1.2. In <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." <u>Id</u>. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. <u>Id</u>.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." <u>Cross v. United States</u>, 893 F.2d 1287, 1290 (11th Cir. 1990). The reasonableness of the attorney's

performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a petitioner must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Court has held that the same Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. Effective appellate counsel should "'winnow out' weaker

arguments even though the weaker arguments may be meritorious." Id. at 751-52. "[A] deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstances that would warrant excusing a defendant's failure to adhere to a State's legitimate rules for the fair and orderly disposition of its criminal cases." Smith, 477 U.S. at 537.

Movant fails to satisfy either the cause or prejudice prongs of the Strickland test. Specifically, movant is unable to support his assertion that he deserved a mitigated sentence for a reduced role in the offense. In making a § 3B1.2 determination, the district judge must first consider the defendant's role in the criminal activity. The judge then evaluates the defendant's role in comparison with other participants in the criminal activity. United States v. Rodriguez De Varon, 175 F.3d 930, 939-45 (11th Cir. 1999) (en banc). Here, the record indicates that movant was fully informed of the underlying conspiracy and that he acted affirmatively in furtherance of the conspiracy. PSI ¶¶ 8, 10, 11, 14, 17; Sent. Tr. at 6, 8, 10, 11. Movant both understood the nature of the underlying conspiracy and participated in the provision of police security for two transactions in the underlying conspiracy. The Court finds that his role in the conspiracy was

not a minor one. Thus, movant is unable to show either that his counsel performed ineffectively in failing to request a mitigated sentence, or that a motion under § 3B1.2 would have been successful.

Furthermore, sentencing guidelines errors are not subject to collateral attack, <u>Montemoino v. United States</u>, 68 F.3d 416, 417 (11th Cir. 1995), and a movant may not allege Presentence Investigation Report (PSI) errors in a § 2255 motion. Where movant "had access to the [PSI] before sentencing, had an opportunity to raise objections [at sentencing,] but did not include the objection now made," the objection comes too late. <u>Simmons v. United States</u>, 777 F.2d 660 (11th Cir. 1985) (holding that even where attorney failed to comply with defendant's request to object to PSI, objection may not be raised in § 2255 because defendant had opportunity to object himself); <u>accord</u> <u>United States v. Peloso</u>, 824 F.2d 914, 915 (11th Cir. 1987); <u>United States v. Donn</u>, 661 F.2d 820, 824 (9th Cir. 1981); <u>United States v. Leonard</u>, 589 F.2d 470, 470-72 (9th Cir. 1979); <u>United States v. Plisek</u>, 657 F.2d 920, 925 (7th Cir. 1981). Movant had an opportunity to point out the propriety of a mitigating role reduction at sentencing after review of the

PSI. Movant failed to do so. Movant is thus precluded for raising the issue for the first time on collateral review.

## VI. ABUSE OF POSITION OF TRUST ENHANCEMENT

Next, movant challenges the imposition of an enhancement for abuse of position of trust under U.S.S.G. § 3B1.3. As the Court noted in Section V of this Report, however, errors in the application of the sentencing guidelines are not subject to collateral attack. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995); Simmons v. United States, 777 F.2d 660 (11th Cir. 1985). Movant failed to object to the abuse of position of trust enhancement at sentencing. Movant is precluded from now raising the issue in a post-conviction motion.

The Court also finds that the abuse of position of trust enhancement was properly applied by the district judge. The enhancement is applied when a defendant occupies a position that contributes in a significant manner to the commission or concealment of the underlying offense. U.S.S.G. § 3B1.3, comment 1; United States v. Terry, 60 F.3d 1541, 1545

(11th Cir. 1993); United States v. Milligan, 958 F.2d 345, 346 (11th Cir. 1992).

In this case, the district judge found at sentencing that movant used his position as a police officer to facilitate a large-scale drug operation. Sent. Tr. at 8, 13, 20-21, 30, 32-33. The Court finds that the enhancement was properly applied and no error occurred.

## VII. CONCLUSION

For the foregoing reasons, the Court finds that movant fails to present grounds on which § 2255 relief may be granted. Accordingly, the Court recommends that the motion be DENIED.

**SO REPORTED AND RECOMMENDED** this _9th_ day of July, 2001.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## *Southern District of Georgia*

| | | | |
|---|---|---|---|
| Frederick Gorham | ) | | |
| vs | ) | CASE | CV400-276 |
| United States of America | ) | DIVISION | SAVANNAH |

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated July 9, 2001, which is part of the official record of this case.

Date of Mailing: July 9, 2001

Date of Certificate ☐ same date, or _____

Henry R. Crumley, Jr., Clerk

By: _____
Deputy Clerk

Name and Address

Frederick Gorham, Federal Medical Center, 09593-021 CD-1, P.O. Box 1600, Butner, NC 27509-1600
Carlton R. Bourne, Jr., Esq., U.S. Attorney's Office, P.O. Box 8970, Savannah, GA 31412

☒ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate



```
CASE:     4:00-cv-00276
DOCUMENT: 24
DATE:     07/10/01

CLERK:    nys
```

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FREDERICK GORHAM, )
    Movant, )
v. )   Case No. CV400-276
)   [CR497-181]
UNITED STATES OF AMERICA, )
    Respondent. )

## ORDER

Let a copy of this Report and Recommendation be served upon movant and counsel for the respondent. Any objections to this Report and Recommendation must be filed with the Clerk of Court not later than July 23, 2001. The Clerk shall submit this Report and Recommendation together with any objections to the Honorable B. Avant Edenfield, United States District Judge, on July 24, 2001. Failure to file an objection within the specified time means that this Report and Recommendation may become the opinion and order of the Court, Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982), and further waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985).

All requests for additional time to file objections to this Report and Recommendation should be filed with the Clerk for consideration by the District Judge to whom this case is assigned.

**SO ORDERED** this 9th day of July, 2001.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA