IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION



| | |
|---|---|
| FREDERICK GORHAM (MOVANT) | CASE NO: CV 400-276 [CR497-181] |
| vs. | |
| UNITED STATES OF AMERICA (RESPONDENT) | |

## MOTION FOR EMERGENCY RECONSIDERATION
## OF MOVANT'S OBJECTIONS TO MAGISTRATE'S
## REPORT AND RECOMMENDATION

**NOW COMES**, the Movant, Frederick Gorham, Pro-se to herein request the court to reconsider its order entered on 07-25-01, denying Movant's motion pursuant to 28 U.S.C. § 2255, for the following reasons:

1. Movant received a copy of the Magistrate's Report and Recommendation on or about **07-13-01** which was dated **07-09-01**.

2. Pursuant to the Report, Movant was instructed to file any objections to the Magistrate's findings not later than **07-23-01** with the clerk.

3. Movant points out that he is incarcerated at Federal Medical Center Butner, N.C.

4. Movant deposited his objections to the Magistrate's Report and Recommendation in the institution's legal mail box on **07-23-01**. According to Federal Rules Appellate Procedure Rule 4(c) and Rule 25(C), "a paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system **'on'** or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system

to receive the benefit of these rules..." (emphasis added). See also, Houston v. Lack, 487 U.S. 266 (1988)[establishing the "mail box rule"]; Garvey v. Vaughn, 993 F.2d 776, 780 (11th Cir. 1993)(applying Houston ruling to pro se prisoner).

Movant Gorham contends that he submitted objections, deposited them in the institution's legal mail box on 07-23-01 thus, allowing the Movant to benefit from these rules.

5. Movant requests this motion to be considered in an emergency manner because it has been established that failure to file an objection within the specified time means that the Report and Recommendation may become the opinion and order of the Court, **Nettles v. Wainwright**, 677 F.2d 404 (5th Cir. 1982). It appears this has happened in the instant case. This failure to object further waives the right to appeal the District Court's Order. **Thomas v. Arn**, 474 U.S. 140 (1985). Contrary to the District Court's Order, Movant Gorham avers that objections, in fact, were timely filed in accordance with Fed. R. App. Proc. Rule 4(c) and Rule 25(C). **See Exhibit A**(Certified Mail Receipt #7000 0600 0022 0962 6473).

Accordingly, it appears the District Court has conducted a "careful de novo review" of this case without considering Movant's objections, timely filed by 07-23-01 as ordered. **See Exhibit B**(Movant's Objections to Magistrate Report and Recommendation on Motion to Vacate, Set Aside or Correct Sentence).

## CONCLUSION

WHEREFORE, because of the aforementioned showing, Gorham respectfully requests this Honorable Court for an emergency reconsideration of the Movant's § 2255 motion as well as his objections filed to the Magistrates's Report and Recommendation. This action is brought in good faith and without an attempt to delay this Court's proceedings.

Signed this 31ST day of July 2001.

Respectfully submitted,

-2-

Frederick Gorham, pro-se
09593-021
P.O. Box 1600
Butner, NC 27509

## CERTIFICATE OF SERVICE

I, Frederick Gorham, swear I have deposited into the U.S. Postal box at Federal Medical Center Butner, N.C., copies of the enclosed Motion for the below named parties;

      1) Mr. Carlton Bourne
         Assistant U.S. Attorney
         100 Bull Street, Suite 201
         Savannah, GA 31401

      2) Clerk, U.S. District Court
         125 Bull Street
         Room 306
         Savannah, GA 31401

This 31st Day of July 2001.

I also request a stamped filed copy be sent to me in the self addressed stamped envelope enclosed herein.

Respectfully submitted,

Frederick Gorham, Pro-se
#09593-021
Federal Medical Center
P.O. Box 1600
Butner, NC 27509

7000 0600 0022 0962 6473

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:

Postage $ 2.64
Certified Fee 2.10
Return Receipt Fee (Endorsement Required) 1.50
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $ 6.24

Postmark: BUTNER JUL 23 27509

C-1

Name (Please Print Clearly) (to be completed by mailer)
Frederick Goethon 09593-021
Street, Apt No., or PO Box No
Federal Medical Center, P.O. Box 1600
City, State, ZIP+4
Butner, NC 27509-1600

PS Form 3800, July 1999    See Reverse for Instructions

**EXHIBIT--A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FREDERICK GORHAM )
    (MOVANT) )
 ) CASE NO: CV 400-276
 )    (underlying CR497-181
V. )    appeal no: 98-8154)
 )
 )
UNITED STATES OF AMERICA )
    (RESPONDENT) )
 )

OBJECTIONS TO MAGISTRATE REPORT
AND RECOMMENDATION ON MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE

NOW COMES, the Movant, **Frederick Gorham**, and pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. §636(b)(1), respectfully submits the following objections to the Magistrate's Report and Recommendation on the Movant's section 2255 motion to vacate, set aside, or correct sentence.

### I. MOVANT"S ISSUE'S 2,3, and 8 ARE NOT PROCEDURALLY BARRED

The Movant objects to the Magistrate Judge's conclusion that he is procedurally barred in the instant post conviction motion from challenging his sentence and conviction because he previously attacked this sentence and conviction on direct appeal, purportedly on substantially the same grounds. While, as the Magistrate Judge states, "absent extraordinary circumstances, this court is precluded from considering claims in a §2255 Motion, which were raised and rejected on direct appeal", this rule requires that the issues presented on appeal and in the post conviction motion be the same before one acts to operate as a bar against the other. The issues presented in the §2255 Motion are not identical to those presented on direct appeal. While Gorham did attack the legality of his sentence and conviction on direct appeal to he United States Court of Appeals for the Eleventh Circuit, he did not contend that he was denied his Sixth Amendment right to effective assistance of counsel during trial, at sentencing and on appeal. Indeed, the Eleventh

Circuit has held that the proper forum to address ineffective assistance of counsel claims is a collateral proceeding under section 2255, not on direct appeal. United States v. Blaik, 117 F.3d 1288, 1298 (11th Cir. 1997) (citing United States v. Butler, 41 F.3d 1435, 1437 n.1 (11th Cir.) cert. denied 514 U.S. 1121, 115 S.Ct. 1987, 131 L.Ed 2d 874 (1995)). Because the issue of counsel's effectiveness has not been and could not be, previously adjudicated, there is no legal bar to it being considered under the present motion.[1] Nor can it properly be concluded that the Eleventh Circuit's decision in some manner acts as an estoppel on the issues raised therein, as the Magistrate's Report and Recommendation seems to imply. Simply put, this Court and the Court fo Appeals have never had the opportunity to address the issues presented herein because they were never raised by Movant's trial counsel. The issues raised by Gorham on direct appeal were the following:

> 1) District Court erred in calculating quantity of cacaine attributed to defendant.
>
> 2) District Court erred in not granting downward departure pursuant to U.S.S.G. § 2D1.1(b)(6) [accepatance of responsibility].
>
> 3) Selective Prosecution.
>
> 4) District Court erred in jury selection (deselection) of altenate jurors following trial.

On his § 2255 motion, Movant raises:

> 1) In light of new change in law, the District Court erred in sentencing the Movant to elements not charged in the indictment.
>
> 2) Ineffective Assistance of Counsel because trial counsel failed to properly object to the erroneous findings and application of contraband attributed to the Movant at sentencing pursuant to Note 12 of U.S.S.G. § 2D1.1.

---

[1] Movant was represented by Attorney William Cox during trial, at sentencing and on direct appeal. It wuld seem that a conflict of interest would deter an attorney from alleging his own ineffectiveness and therefore would be unreasonable to expect trial counsel to call to the court's attention his own incompetence(if any).

3) Ineffective Assistance of Counsel because trial counsel failed to investigate, file pretrial motion to dismiss indictment and/or request jury instruction based on <u>Government Over-reaching/ Misconduct</u>.

4) Trial Judge's Ex Parte communicatoin with jury during deliberation violated Movant's Constitutional and Statutory Roghts.

5) Ineffective Assistance of Counsel because trial counsel failed to properly raise the issue of a downward adjustment of Movant's sentence under <u>U.S.S.G. § 3B1.2</u> as a minimal or minor participant.

6) District Court erred in finding the Movant abused a postion of trust pursuant to <u>U.S.S.G. § 3B1.3</u>.

7) Ineffective Assistance of Counsel because appeal counsel failed to raise issue on direct appeal of District Court's erroneous findings, in relying on the <u>ambiguous state of the PSI</u>, by attributing the entire amount of cocaine involved in each scenerio of the reverse sting without making an individual finding.

8) Supplemental Motion: Ineffective Assistance of Counsel because trial counsel failed to object to the trial Court's erroneous jury instructions as to <u>aiding and abetting (18 U.S.C. § 2</u> and <u>distribution (21 U.S.C. § 841(a)(1)</u> and counsel failed to request an instruction clarifying that in order to convict the Movant, someone else other than a Government agent or an 'aider and abetter', had to commit the substantive offense.

Clearly, the claims raised by Movant Gorham on appeal are seperate and distinct from the claims Movant raised in his § 2255 motion.

In the face of the sentencing court's determination of the amount of drugs applicable to Movant Gorham, counsel failed to specifically point the sentencing court to the commentary, relevant to Gorham's sentence, in U.S.S.G. § 2D1.1 <u>Application Note 12</u>. This commentary specifically speaks about reverse sting operations and the standard set by the Sentencing Commission that should be used in determing drug amounts attributable to a particular defendant. The application Note states, in relevant part:

> "...in a reverse stind, the 'agreed-upon quantity' of the controlled substance would more accurately reflect the scale of the offense because the amount actually delivered is controlled by the government, not by the defendant... the court 'shall exclude' from the offense level determination the amount of controlled substance that the defendant establishes that he or she did not intend to provide or was not reasonably capable of providing."**(emphasis added)**

Counsel did not claim that this court should have made a factual finding

on an "agreed-upon quantity" of the controlled substance betweeen the Movant
and the undercover agents, paid informant or anyone else involved in the
reverse sting. Furthermore, Counsel did not request an evidentiary hearing
to compel the government to produce any evidence of a practical certainty
that there existed an "agreed-upon quantity". Therefore, by virtue of counsel's
ineffectiveness, this court was never asked, until the motion now pending
before it , to reach a decision of whether there was an "agreed-upon quantity"
and what amount "the court must exclude" from the offense level determination
after a showing by Movant Gorham that he did not provide nor was he reasonably
capable of providing the drug amount of 9.4 kilograms of cocaine, attributed
to him at sentnencing.

Additionally, Movant's other claims are not procedurally barred because
they too are issues which are brought under the deprivation of the Sixth
Amendment right to effective assistance and the underlying issues are sub-
stantially different thatn those issues raised on direct appeal. Counsel's
failure to move this court during pretrial to dismiss the indictment based
on government overreaching, which in and of itself, is a constitutional
violation of Movant's Due Process Rights, or request a jury instruction on
the theory of government overreaching, after evidence was produce during
trial to support such an instruction, coupled together, does not meet the
standards set by the Sixth Amendment. Witness testimony during the trial
of the instant case demonstrated that the government created the criminal
activity, provided the place, equipment, supplies and know-how, and ran the
entire operation with only meager assistance form the defendant. The Eleventh
Circuit has established that the actions of the government in this instance
is not permissible. See **Kett v. United States**, 722 F2d 687, 689 (11th Cir.
1984) (quoting **United States v. Tobias**, 662 F.2d 381, 386 (5th Cir. 1981)
cert. denied, 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed 2d 1317 (1982)) ("Although
a government agent may provide something of value to a criminal enterprise,
he may not instigate the criminal activity, provide the place, equipment,
supplies and know-how, and run entire operation with only meager assistance
form the defendants"). **See also United States v. Edenfield**, 995 F.2d 200
(11th Cir. 1993) **citing** United States v. Twigg, 588 F.2d 373 (3rd Cir 1978)
(same). Here, the FBI supplied the contraband (cocaine), the couriers, the
office/warehouse, the money to be paid out, the purported buyers and sellers
(agents and informant) instructions on what to do, when, where, and how to
do it in order to furhter aggrivate the created conspiracy.

Trial counsel being aware of this evidence made no suggestion of a proposed
jury instruction based in such a defense theory. This demonstrates that

Movant's trial counsel's performance was deficient and shows that " counsel made errors so serious that counsel was not functining as the 'counsel' guaranteed by the Sixth Amendment." Stickland v. Washington, 466 U.S. 688, 687 (1984) because of this defective performance, the Movant's defense was prejudiced to such a degree that the results of the trial cannot be trusted. Id. If either the pretrial motion to dismiss or jury instruction were given on Movant's theory of Government overreaching and a result in the Movant's favor materialized, the outcome of the proceeding would have been substantially different. A criminal defendant has the right to have the jury instructions on his theory of defense, separate and apart from instructions given on the elements of the charged offense. United States v. Opdahl, 930 F.2d 1530 (11th Cir. 1991). The law is clear that "the defendant'is entitled to have presented instructions relating to a theory of defense for which there is **any foundation** in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility'." United States v. Lively, 803 F.2d at 1126 (11th Cir. 1986) (quoting United States v. Young, 464 F.2d 160, 164 (5th Cir. 1972) (emphasis in Lively).

Finally, the Magistrate illustrates that Keith Coleman, Movant Gorham's codefendant, raised substantially the same issue as Movant's Issue #8, which the Magistrate has broken up into two issues, making #9 a second part. Keith Coleman's argument goes directly towards the sufficiency of the evidence, whereas, Movant Gorham argues that he suffered ineffective assistance of counsel, for counsel's failure to request certain jury instructions and object to others. These issues are not substantially the same, they are substantially 'dissimilar'. In the case at bar, Movant Gorham raises substantially, a constitutionally protected right to the effective assistance of counsel, claiming, that counsel's performance fell below an objective standard of reasonableness and that not for counsel's deficient performance, a different outcome of the proceedings would have been realized. Strickland v. Washington, 466 U.S. 688 (1984).

Gorham contends that counsel erred in failing to request certain jury instructions, requiring the jury to acquit him of the conspiracy count and the underlying counts if it found he did not have an illegal agreement with anyone other than a government agent ( informant), and that one cannot conspire with an aider or abetter who does not maintain a position of authority on the theory of accomplice and vicarious liability.

Movant Gorham further contends that he was entitled to the certain jury instructions as a matter of law, because there was sufficient evidence in which a reasonable minded juror could confer to acquit. Viewing the evidence in light most favorable to the accused establishes that the standard test for determining whether one aided and abetted a criminal offense was not met.

The 11th Circuit has set a three prong standard to make such a determination, 1) whether the substantive offense was committed, 2) act by defendant contributed to and furthered offense and 3) defendant intended to aid its commission. **United States v. Lozano-Hernandez**, 89 F3d 785 (11th Cir. 1996). In this case, the general instructions on the law failed to instruct the jury clearly that may not convict Movatn Gorham and the other defendants for aiding and abetting each other as aiders and abetters without a principal, or that one cannot conspire to aid and abet a government agent or informant.

Here, had counsel made the request for certain jury instructions, the district court would have been bound to accept and issue those instructions. **U.S. v. Camejo**, 929 F.2d 610 (11th Cir. 1991). See also **United States v. Sirang**, 70 F.3d 588, 594 (11th Cir. 1995)(counsel should make objection to jury instruction, sufficient enough to give the district court the chance to correct errors before the case goes to the jury).

Trial counsel Cox's failure to request certain jury instructions, when sufficient defense evidence was presented, is ineffective assistance of counsel for **Strickland** purposes. Movant Gorham did not receive a fair trial and the results of the proceedings would have been different. Namely, the certain jury instructions would have been tendered. The Magistrate Judge failed to recognized the significant difference between the nature of this case now and at the time it was jon direct appeal.

Similarly, Eleventh Circuit never addressed either issue on appeal because the issues were not presented in the record before the Eleventh Circuit. Because the Eleventh Circuit was never presented with the issues of ineffective assistance and the underlying issues presented, it never resolved nor even considered the issues mententioned previously. Accordingly, the Eleventh Circuit's decision, on direct appeal, cannot act as a bar to this Court's consideration of Gorham's present issues. It is trial counsel's ineffectiveness, coupled with new Supreme Court and circuit presedent, that resulted in the Eleventh Circuit's failure to address these pivotal issues.

## II. Apprendi v. New Jersey

Movant objects to the Magistrate's Report and Recommendation to this issue in as much as the Movant was sentenced to a term of supervised release which exceeds that called for in accorfance whith 21 U.S.C. § 841 (b)(1)(C). As stated by the Magistrat, the 20 year statuory maximum sentence applied to Moant's conviction without regard to drug quantity. Under this section the Movant's sentence wuold not have been governed by the enhanced penalties of 21 U.S.C. § 841(b)(1)(A) which exposed Movant to a mandatory minimum of 10 years to maximum of life to be followed by 5 years supervised release. However, pursuant to 18 U.S.C. §3583(b)(2), because the Movant is now placed in §841(b)(1)(C)'s penalties range, §3582 authorizes a term of supervised release if'not more than 3 years for a class C Felony'. Accord, United States v. Kelly, 974 F.2d 22,24-25 (5th Cir. 1992); United States v. Garcia, 983 F.2d 625, 630 (5th Cir. 1993); see also 18U.S.C. § 3583(a)(3).

Moreover, Movant further objects to the constructive amending of the Indictment at sentencing by the Government. In giving this unjust inrichment the prosecution left the indictment, handed down by the Grand Jury, silent on an essential element (drug amount) until sentencing. By doing so, the Government's Attorney was able to unsurp the constitutionally guaranteed role of the Grand Jury and create a substatial risk that the Movant would be sentenced to elements not charged in the indictment. Again, the prosecution's disregard to the Grand Jury finds no refuge in our nation's court system. See Stirone v. United States, 361 U.S. 212,217, 4 L.Ed. 2d 252, 80 S.Ct. 270,273 (1960) (unanimous decision)(consistent with the Grand Jury clause, a defendant may be tried and convicted only on those charges contained in the indictment by the Grand Jury): Accord Russell v. United States , 369 U.S. 749,770, 8 L. Ed. 2d 240, 82 S.Ct. 1038, 1050 (1962); United States v. Quintanilla, 2F.3d 1469 (7th Cir. 1993)(indictment may not be amended except by resubmission to Grand Jury uhless change is merely matter of form); United States v. Behety, 32 F.3d 503 (11th Cir. 1994)(amendment of indictment occurs when 'essential elements' of offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment);United States v. Robison, 933 F.2d 1010 (6th Cir. 1991) (amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the Grand Jury has last passed upon them. The prosecution, in the case sub judice, violated the before mentioned by constructively amending the Movant's indictment in adding the **essential elements** of drug amounts (9,4kg of cocaine)

during sentencing. This consructive amendment violated not only the <u>constitutional safeguards</u> afforded to Moant Gorham, but also those protections set out in Federal Rules Crim. Proc. Rule 7(c)(1).

### III. Exparte Communications With Jury

Movant, in his objection to the Report and Recommendation as to the issue of "Exparte Communications Between Judge and Jury", renews his claim as previously raised and joints the court to the supporting arguments contained in Movant's "Traverse in Opposition to the Government's Response to Gorham's 28 U.S.C. §2255 Motion" previosly filed.

### IV. Mitigating Role Reduction

Next, the Movant objects to the Magistrate's Report and Recommendation in regards to ineffective assistance of counsel claims on Mitigating Role Reduction under U.S.S.G. 3B1.2. The Movant clearly staisfied the two prong test of **Strickland** by 1) counsels failure to raised the issue of Mitigating Role Reduction under 3B1.2 which made counsel's error so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. There is no record of fact that Trial counsel raised the issue of Mitigating Role Reduction. 2) under the prejudice prong, the Movant contends had counsel raised the issues of 3B1.2, the result would have been different, but for counsel's deficient performance. The Movant further disagrees with the Magistrate's Report and Recommendation when it is stated that the Movant was "fully informed" of the underlying conspiracy and that he acted affirmatively in furtherance of the conspiracy. (relying in PSI para. 8,10,11,14,17; Sent. Tr. at 6,8,10,11).

Upon taking an oath as a police officer, at no time did Movant Gorham relinquish his rights to be treated fairly as a citizen of the United States with respect to the laws and the U.S. Constitution. In considering whether Movant was a minimal or minor participant the guidelines are silent as to law enforcement officers being recruited to particicpate in sting operations with only the meager assistance of providing outside "so called" security. Without knowing any drug amounts, transporting any drugs, having no knowledge of when or where the drugs would be, making on negotiations on drug deals, requesting no further drug deals, not being familiar with or even speaking to any drug courier, not receiving the amount of money that was negotiated by another party and informant, and not recruiting any other persons to participate

and expand this created conspiracy, would surely qualify an individual citizen
to receive at least a minor role adjustment. Moreover, if a drug curier could
qulify for minor role  adjustment in an actual drug transaction, it would
be unthinkable to deny the adjustment to an individual who did no planning
in a reverse sting operation and played a role that could be easily replaced,
as proven by the recruitment of additional individuals shortly after Movant's
termination form the police department. The Movant's factual basis to support
his assertion that he was least culpable than other participants in the
offense were stated throughout the trial, and by Mr. Long's (Probation Services)
testimony. (See Sent. Tr. p.7 Ln. 8-13 and p.16 Ln. 11-13). Movant Gorham
contends that with respect to the commentary in 3B1.2 of U.S.S.G.; the court
should have considered or should have been given the opportunity to consider,
whether the Movant was entitled to a minimal or minor role reduction.

## V. Abuse Of A Position Of Trust

Finally, Movant, in his objection to the Magistrate's Report and Recommendation on the issue of Abuse of Position of Trust enhancement agrees with
the position that errors in the application of the sentencing guidelines
are not subject to collateral attack. **Montemoino v. United States**, 68 F.3d
416 (11th Cir. 1995). However, the Magistrate failed to address the Movant's
*showing of the exception to this rule of cause and actual prjudice.* **Cross
v. United States**, 893 F.2d 1287, 1289 (11th Cir. 1990)(holding that a petitioner
may not litigate claims in a section 2255 proceeding that were not raised
on direct appeal absent a 'showing of both cause and actual prejudice').**(emphasis
added)**. In the Movant's Traverse to Government's Reponse to his § 2255 Motion,
he set out the cause and actual prejudice for the default on this issue.

Counsel's failure to raise on direct appeal the sentencing court's erroneous
finding that the Movant had abused his position of trust rendered counsel's
assistance constitutionally defective. Counsel objected to the enhancement
of the Movant's sentence based on the findings of the court,yet, he failed
to address the issue on direct appeal. The objection could have been fully
developed and argued with supportive facts and case law, on appeal, to show
that the sentencing court had erroneously appled the Abuse of Trust enhancement
under U.S.S.G. 3B1.3. The Movant contends that the merits of the claim are
valid enough, that if the Court of Appeals had been given an opportunity

-9-

to review the claim, it would have resulted in a different outcome of the
proceedings. The Supreme Court has held that Counsel's performance does not
have to be pervasively deficient, an isolated error is sufficient to constitute
a violation, if sufficiently egregious and prejudicial. **Murray v. Carter**,
477 U.S. 487, 106 S.Ct. 2639 (1986). For counsel to object to the application
of this particular enhancement at sentencing, but failed to advance the objection
on appeal has caused prejudice to the Movant by not giving the Court of Appeals
an opportunity to determine whether the sentencing court had erroneously
applied the enhancement. Without this omission by counsel on appeal, the
Movant's sentence would have had a different result. The Movant Points out
that the underlying issue here has merit and thus defeats the holdings of
**United States v. Nyhuis**, 211 F.3d at 1344, which states, that counsel is
not ineffective for failing to raise meritless issues on appeal. In the instant
case, the Movant was a rookie police officer recruited by another officer
to participate in a Government designed reverse sting operation. The Movant
was convicted after a jury trial in charges of conspiracy to aid and abet
the distribution of cocaine an 2 counts of attempt to aid and abet the distribution
of cocaine, in violation of 21 U.S.C. 846, 841(a)(1) and 18 U.S.C. 2. At
sentencing the Movant was sentenced to 235 months imprisonment partially
as a result of a 2 level enhancement of Abusing a Positon of Trust under
U.S.S.G. 3B1.3.

Movant Gorham points out that the record is silent as to any action
taken in _actually_ abusing that position of trust, as a rookie police officer,
during the offenses to which [he] was charged with. The Magistrate points
out **United States v. Terry**, 60 F.3d 1545 (11th Cir. 1995) in the Report and
Recommendation to show that the enhancement should apply. The defendant in the
Terry case used his position as a police officer by _being in uniform, in a
marked patrol car_, and by _posting as a lookout with his police radio_ to give
early warning. In **United States v. Foreman**, 926 F.2d 792 (9th Cir. 1990),
the defendant used her position of trust by _Showing her badge_ to other officers
to avoid apprehension. In **United States v. Rehal**, 940 F.2d (1st Cir. 1991),
the defendant, a police officer, used his position to _alert co-conspirators
to DEA investigation_ and to conceal his part in the conspiracy. In the cases
mentioned beforehand, all the defendants satisfied the application of 3B1.3.
In contrast, in **United States v. Long**, 122 F.3d 1365, 1366 (11th Cir. 1997),
the Court of Appeals held that Long did not abuse a position of trust as

defined by section 3B1.3. The government pointed out in <u>Long's</u> case, that as an employee of the prison Long could enter the prison without being searched, thus allowing Long to bring cocaine into the prison. That showing alone was not enough to convince the Court of Appeals that Long had in fact and effect abussed his position of trust.

In the instant case, the Movant did not 'significantly' ficilitate in the efforts to commit the offenses. Movant did not use a police car, wear a police uniform, use a police radio, show his badge, alert anyone to an investigation and conceal his part in any conspiracy. Throughout the Movant's involvement in this reverse sting operation, the Movant used his personal vehicle,[with no markings as to reference law enforcement], used his civilian clothes, which had no markings as to alert anyone that the Movant was a police officer. By not showing his badge, the Movant did not exercise any authority not abuse his position. In fact, the informant suggested the use of police radios, but the Movant, without hesitation said, "we can't use police radios." **See Trial Tr. p. 553.** Testimony from government witnesses also indicate that the Movant never employed his position as a police officer to contribute to the commission or concealment of the charged offense. **See Trial Tr. at pp. 417-419.**

Movant Gorham further shows that he did not abuse his position of trust, because he did not alert anyone to an investigation and conceal his part in any conspiracy. Unlike <u>Long</u>, who actually carried cocaine into the prison, the Movant did not bring drugs into the reverse sting operation nor did the Movant indicate or suggest that he could provide the agents with drugs. The Commentary under U.S.S.G. § 3B1.3 provides that;'if the defendant abused a position of public or private trust or used a special skill, in a manner that <u>significantly</u> facilitated the commission or concealment of the offense, increase by 2 levels.' Section 3B1.3 application note #1 further states that 'the position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could as easily been afforded to other persons.'

These planned scenerios could have easily been afforded to other persons. Tommy Bryant, defendant in a related case, wanted to recruit a person other than a police officer and the government did not want to use that person. **See Trial Tr. p. 180, 184,and 186.** The Commentary further shows that in

-11-

in the application note to section 3B1.3, "private or public trust" refers to a position of public or private trust characterized by professional or managerial discretion. See also <u>United States v. West</u>, 56 F.3d 216, 220 (D.C. Cir. 1995)(noting that 'the commentary's focus on positions characterized by professional or managerial discretion places a significant limit on the types of positions subject to the abuse-of-trust enhancement'). To the extent that Gorham had any discretion in carrying out his duties as a police officer, the government failed to demonstrate Gorham exercised that discretion in an abusive manner. Instead, the government pointed to the fact that, simply because as a rookie police officer, Gorham could facilitate the commission of the crime, The Police Department extended this same level of trust to all department employees. The record is silent to any evidence or proffer of evidence by the government, that demonstrates that although Movant held a position of trust as a police officer that he used that position in a significant manner to contribute to the commission or concealment of the underlying offense. Movant's position as a police officer did not contribute to this offense at all. It was only one of the preconditions set by the government's agents, as part of their planned scenerio. Furthermore, the Movant was not challenged to see if he would in fact abuse his position of trust at any stage of the planned scenerios. In <u>United States v. Gould</u>, 983 F.2d 92 (7th Cir. 1993), the court stated that the fact that Gould was a police officer <u>cannot</u>, in and of itself, trigger the application of section 3B1.3.

The application note cited above indicates that section 3B1.3 simply does not extend to every employment situation. The Movant was a rookie police officer, still on probation, with less than a year on the force; and therefore did not exercise any professional or managerial discretion. In conjunction with the government's failure to show any evidence on any kind, other than the fact the Movant was employed as a police officer, fresh out of rookie school, does not in itself cause for the enhancement of 3B1.3. As a result of Movant's trial attorney's ineffectiveness by not raising this objection on appeal under section 3B1.3, Movant Gorham was sentenced at a level 36 under U.S.S.G. Table, set at a range of 188 to 235 months imprisonment. The sentencing court sentenced Gorham to 235 months. If the Appeals Court would have been given the opportunity to consider the Movant's objection and ruled

in his favor, the sentence would have been different. The Movant's Guideline range would have been a level 34, range of 151 to 188 months. Should this Honorable Court grant re-sentencing, the Movant's sentence would be 188 months if the court sentenced him in the same manner as initially. Thus, counsel's failure to raise this important issue on appeal demonstrates that he was not acting as 'counsel' guaranteed under the Sixth Amendment. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

## CONCLUSION

Based on the objections set forth herein, as well as the arguments and authorities presented in Movant Gorham's prior filings with this Court, the Movant respectfully requests that this Honorable Court to reject the Magistrate's Report and Recommendation, grant Movant Gorham an evidentiary hearing on this motion, (if this Court deems one necessary), and grant the Movant's Motion to vacate, set aside, or correct sentence under § 2255. In the alternative, this Court is urged to remand the matter to the Magistrate Judge to make further findings.

Signed this 23rd day of July 2001.

Respectfully submitted,

Frederick Gorham, Pro-se
#09593-021
Federal Medical Center
P.O. Box 1600
Butner, N.C. 27509

## PLEA FOR LIBERAL CONSIDERATION

Movant Gorham respectfully moves the Honorable Court to **GRANT** all liberal considerations with respect to this action pursuant to <u>HAINES v. KERNER</u>, 404 U.S. 519, 30 L. Ed. 2d 652, 92 S.Ct. 594, as Movant is not an attorney and has not attended any law school, nor has any professional training with respect to the filing of legal pleadings.

Respectfully submitted,

Frederick Gorham
#09593-021
Federal Medical Center
P.O. Box 1600
Butner, NC 27509

## CERTIFICATE OF SERVICE

I, **Frederick Gorham,** swear I have deposited into the U.S. Postal box at Federal Medical Center Butner, N.C., copies of the enclosed Motion for the below named parties:

1) Mr. Carlton Bourne
   Assistance U.S. Attorney
   100 Bull Street, Suite 201
   Savannah, GA 31401

2) Clerk, U.S. District Court
   125 Bull Street
   Room 306
   Savannah, GA 31401

This 23rd day of July 2001.

I also request a stamped filed copy be sent to me in the self addressed stamped envelope enclosed herein.

Respectfully submitted,

Frederick Gorham
#09593-021
Federal Medical Center
P.O. Box 1600
Butner, NC 27509